MALONE v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY CO.

1. **Railroads:** LIABILITY FOR INJURY BY CO-EMPLOYE. One whose duty it was to wipe defendant's engines, and do other work about the round-house, and to open the doors of the round-house so as to allow the engines to pass in and out, and who, while endeavoring to shut these doors, was injured by the carelessness of his co-employes, who were at the time engaged with him in the same effort, cannot recover of the defendant for such injury, under section 1307 of the Code, because the injury was not "in any manner connected with the use and operation" of the railway, as contemplated in said section.

*Appeal from Linn District Court.*

THURSDAY, JUNE 14.

ACTION to recover for a personal injury. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*J. & S. K. Tracy*, for appellant.

*Blake & Hormel* and *J. B. Young*, for appellee.

ADAMS, J.—The plaintiff was employed to wipe defendant's engines and to do some other work in and about the defendant's round-house. One of his duties was to open the doors of the round-house and allow the engines to pass in and out, and to shut the doors afterward. These doors, it seems, were large, weighing several hundred pounds. At the time of the accident in question, the plaintiff and two other employes were endeavoring to shut them. There had been an accumulation of snow and ice, which obstructed the doors and made it difficult to shut them. The plaintiff and his co-employes had succeeded in shutting one, and while endeavoring to shut the other, one of the plaintiff's co-employes pryed it up with an iron bar, thinking thereby to be able to crowd it over the accumulated snow and ice. Unfortunately, however, he pryed it so high as to lift it from its hinges, and it fell upon the plaintiff, producing the injury of which he complains.

The defendant insisted upon the trial that the case came within the common law rule in respect to an injury resulting from the negligence of a co-employe. It accordingly asked the court to instruct the jury that, if the plaintiff's duties "did not require him to undergo the dangers and hazards of actually operating the road, trains, cars and engines of the railroad company," he could not recover. The court refused to so instruct, and instructed in substance that, if the plaintiff's duties were to open and close the double doors extending

across the track, and, while closing one of the doors after the admission of an engine into the round-house, other employes acting with him conducted themselves so negligently as to throw one of the doors off its hinges, whereby the plaintiff was injured without any fault on his part, he would be entitled to recover. The giving of this instruction is assigned as error.

Section 1307 of the Code allows employes of railway companies to recover against the companies for injuries received from the negligence of co-employes, where the "wrongs are in any manner connected with the use and operation of the railway." The plaintiff insists that the negligent act of throwing one of the doors of the round-house from its hinges was connected with the use and operation of the railway.

There is very little, if any, railway service that is not connected, at least in some remote sense, with the operation of the road. This is so in the case of makers and repairers of cars and engines. Yet no one would claim that the company would be liable for an injury to an employe in such work, from the careless use of tools or machinery by a co-employe. When, then, may the negligent act be said to be connected with the operation of the road within the meaning of the statute?

A railway is operated by the use of engines and cars. Where an injury results from their negligent use, it would be clearly within the statute. But it seems that it might be where the injury did not result from such use. In *Deppe v. Railroad Company*, 36 Iowa, 52, the negligent act consisted in improperly loosening a bank of dirt where the company was filling a dirt car. The plaintiff was engaged in shoveling from the bank, and was buried by it. Now, while the risk in that case which the plaintiff incurred was neither greater nor less than it would have been if the same persons had been taking dirt from the bank for a purpose in no way connected with the railroad, yet it was held that the negligent act was connected with the operation of the road, within

Malone v. The Burlington, Cedar Rapids & Northern Railway Co.

the meaning of the statute. It is not necessary, then, according to that decision, that the injury should be caused by the movement of a car or engine, or that the hazard should be peculiar to the operation of a railway. It is sufficient if the general employment of the person injured includes some of those peculiar hazards. Deppe's business was to load and unload cars. The hazard of shoveling dirt from a bank was not peculiar to the operation of a railway, but some of Deppe's hazards were of that kind, as unloading cars in a train standing upon a track and attached to an engine. COLE, J., said: "If the plaintiff had been employed exclusively for shoveling or loading the dirt, he could not recover." The decision turned upon the fact that another part of his employment related to the perilous business of railroading. Whether the decision is sound, we need not determine. No one questions it in this case; and, besides, we think that this case can be distinguished. Deppe was a train man. He was a part of a gang who worked with a train. The plaintiff in the case at bar was an employe at the round-house. If it should be conceded that the road ran into the round-house, and was operated by running engines into the round-house, we should still be of the opinion that the plaintiff's services constituted no part of the operating of the road, or exposed him in any proper sense to the perils of railroading. The most that can be said is that his duties were to be performed near a railroad track. But that is not sufficient. The opening of the door of the round-house is not operating the road. No one would claim that raising or opening a toll gate to allow a stage coach to pass would be operating the coach. The fact that the party sought to be charged in this case is a railroad company, would not justify us in departing from the ordinary sense of words, and putting a strained construction upon them. In our opinion, the instruction given cannot be sustained, and the judgment must be

REVERSED.