MALONE v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Railroads:** INJURY TO EMPLOYE BY CO-EMPLOYE: NEGLIGENCE: LIABILITY: STATUTE APPLIED. An employe of a railroad company whose duty it is to wipe engines, open and close the doors of an engine house, and remove snow from a turn-table and connecting tracks, is not, by reason of such duties, in any proper sense employed in the operation of the railroad, within the meaning of section 1307 of the Code; and for an injury received, while performing such duties, through the negligence of a co-employe, he cannot recover against the company, under the provisions of said section, notwithstanding he may have other duties to perform which do pertain to the operation of the road. *Deppe v. C., R. I. & P. R'y Co.*, 36 Iowa, 52, distinguished, as having been decided under a different statute.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 12.

THIS is an action for the recovery of damages caused by a personal injury sustained by plaintiff while in the employ of defendant; the injury being caused by the negligence of a co-employe. The verdict and judgment were for defendant, and plaintiff appeals.

*Blake & Hormel*, for appellant.

*Samuel K. Tracy*, for appellee.

REED, J.—It was proven on the trial that, at the time he

received the injury complained of, plaintiff was, and for some years had been, in defendant's employ as a wiper; that his duties were to clean the engines when they were brought in off the road, to open the doors of the engine-house to admit the passage of engines into and out of the house, and close the same after the engines had passed; to turn the turn-table; to shovel the snow from the turn-table and tracks leading to the engine-house into a dumpy or hand car, and move the same to some convenient and accessible place on the main track over which the trains passed, and there shovel the snow from the dumpy; that on the night of the accident plaintiff and a foreman and another wiper went to the doors of the engine-house for the purpose of opening them to admit the passage of an engine which had just come in.

There are two doors at the entrance of the engine-house, which, when being opened, swing outward from the center of the entrance. The parties had difficulty in opening them on the occasion in question, owing to an accumulation of ice on the ground immediately outside of the door; and they took picks and removed a portion of the ice, when they were enabled to open them without accident, and the engine passed in. They then attempted to close the doors. Plaintiff took hold of one door, and closed it without difficulty; but the other parties had difficulty in closing the other, and the other wiper placed a crowbar under it, for the purpose of raising it to enable it to pass over the ice. In doing this he lifted it off the hinges, and it fell upon plaintiff, inflicting the injuries complained of. At the time the door fell upon him, plaintiff was standing on the track leading into the engine-house, it being his duty to remain there and assist in closing the door; and he was not guilty of any negligence which in any manner contributed to the injury. As there was no conflict in the evidence as to the character of the duties which devolved upon plaintiff by virtue of his employment, or as to the circumstances under which the injuries were received, the court

ruled, as matter of law, that he could not recover, and directed the jury to find for defendant.

The case has once before been in this court. 61 Iowa, 326. On the former trial the district court instructed the jury that, if plaintiff's duty was to open and close the doors to the engine-house, and while he was in the performance of that duty he was injured by one of the doors falling upon him, and this was occasioned by the negligent act of a co-employe in lifting said door from its hinges, he was entitled to recover. But it was held by this court that this instruction was erroneous, and the judgment was reversed. In addition to the facts established on the first trial, it was proved on the second trial that plaintiff was required, when opening or closing the doors of the engine-house, to stand on the track leading into the building. Also, that it was his duty to turn the turn-table, and remove the snow from the turn-table and tracks leading into the engine-house. It is now contended by counsel for plaintiff—*First*, that our holding on the former appeal is not necessarily conclusive of plaintiff's right to recover on the facts as proved on that trial; or, if this is not so, *Second*, that the facts proved on the second trial distinguish the case from that made on the former trial, and bring it within the provision of section 1307 of the Code. The instruction given on the former trial held that, if plaintiff was injured while in the performance of his duty of opening or closing the doors, and the injury was caused by the negligence of a co-employe in lifting the door from its hinges, he was entitled to recover. This was held erroneous on the grounds (1) that the particular duty in which he and his co-employe, whose negligence caused the injury, were engaged at the time of the accident did not pertain to the business of *operating* the railroad; and (2) neither that particular duty, nor any other which the nature of his employment required him to perform, as shown by the evidence, brought him within the class of employes who are engaged in the business of operating the railroad. The con-

struction which has been put by the adjudications of this court upon the statute under which the liability of railroad companies to employes for injuries caused by the negligence of co-employes arises, is that it affords a remedy only to such employes as are employed at the time of receiving the injury in the business of operating the railroad; (*Deppe v. Chicago, R. I. & P. R. Co.*, 36 Iowa, 52; *Schrœder v. Same*, 41 Id., 344; *Smith v. Burlington, C. R. & N. R. Co.*, 59 Id., 73; *Foley v. Chicago, R. I. & P. R. Co.*, 64 Id., 664;) and the holding that the facts proved showed that plaintiff was not so engaged at the time of the injury necessarily concludes all right of recovery upon those facts.

We come, then, to the question whether the facts proved on this trial bring the case within the statute, and we think it clear that neither the wiping of the engines, nor the opening and closing of the doors of the engine-house, nor the removing of the snow from the turn-table and tracks, in any proper sense pertain to the operation of the road. The only duty which plaintiff was required by his employment to perform, which it can be claimed at all pertains to the operation of the railroad, was that of turning the turn-table. As we understand it, this table is a circular platform, so constructed and supported that it may be turned upon its center. There is a track leading to it from the main track of the road, and from it other tracks radiate as from a center, leading into the different stalls in the engine-house, and there are rails upon it. When an engine is to be run from the main track into the house, the table is so adjusted as to connect the rails on the table with the track leading from the main track. The engine is then run upon the table, which is then turned until connection is made between the rails on it and one of the tracks leading into the engine-house, when the engine is run into the building; and engines are taken from the engine-house to the main track in the same manner.

Plaintiff's duty was to turn the table and make these adjustments at times when engines were being run between

the main track and engine-house. His duty in that regard was somewhat similar to that performed by a switchman in adjusting the switches to permit the passage of trains from the main line to the side tracks, and we think it may be said that in performing this duty he was engaged in the operation of the road, just as the switchman is engaged in its operation when he adjusts the switch. Each, in the performance of the duty assigned him, does an act which is necessary to be done in the use and operation of the road, and if either should be injured while in the performance of the duty, in consequence of the neglect or mismanagement or willful wrong of a co-employe who, at the time, was also engaged in the operation of the road, he would probably have a remedy therefor, under the statute against the company. But plaintiff did not receive the injury of which he complains while in the performance of that duty, but it was inflicted while he was in the performance of another duty, which, as we think, was in no manner connected with the operation of the road. It is insisted, however, that his employment was entire, and, as part of his service related to the business of operating the road, he has his remedy under the statute, even though the injury was not sustained while in the performance of that particular part of the service. The case of *Deppe v. Chicago, R. I. & P. R. Co.*, *supra*, is relied on as sustaining this view, and it must be admitted that some things are said in the opinion in that case which seem to favor this claim.

But we think the question is materially affected by an amendment of the statute which has been enacted since that decision. That case was decided under section 7, chapter 169, Acts 1862, which is as follows: "Every railroad company shall be liable for all damages sustained by any person, including employes of the company, in consequence of any neglect of the agents, or by any mismanagement of the engineers or other employes of the corporation, to any person sustaining such damage." The present statute is section 1307 of the Code, which is as follows: "Every corporation

operating a railroad shall be liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employes of the corporation, and in consequence of the willful wrongs, whether of commission or omission, of such agents, engineers or other employes, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed." And this statute was in force at the time plaintiff received the injuries in question. In construing this section in *Foley v. Chicago, R. I. & P. R. Co.*, *supra*, we held that the term "such wrongs," in the latter clause of the section, did not relate alone to the willful wrongs spoken of in the preceding clause, but that it related as well to the mismanagement and negligence spoken of in the former part of the section. Under this construction, it is apparent that the last clause of the section creates a limitation as to the class of acts for which the company is liable, which did not exist under the former statute. The liability created by the act of 1862 is expressed in general terms. By it the company is made liable for all damages sustained by any person in consequence of any mismanagement or neglect of its employes. The acts or omissions of its employes for which it would be liable would be such, of course, as the employes should commit in the course of their employment; but its liability is not otherwise limited by the act; while, under the present statute, its liability is limited to such damages as are occasioned by the negligence or mismanagement or willful wrongs of its employes, which are connected with the use and operation of the railroad on or about which they are employed.

To meet the objection that the act of 1862 created a rule of liability which was applicable to railroad companies alone, and did not affect other employes under precisely the same circumstances, and that it was, therefore, class leglislation, and in violation of the state constitution, the court in *Deppe's*

*Case* construed the act as creating a remedy only in favor of that class of employes who were engaged in the hazardous business of operating railroads, and the correctness of the holding of that case on that question is not doubted. But the subsequent legislation has established a new rule as to the class of acts for which the companies are liable. So that, to entitle an employe now to recover against the company for injuries which he has sustained in consequence of the negligence or mismanagement or willfulness of a co-employe, he must show (1) that he belonged to the class of employes to whom the statute affords a remedy; and (2) that the act which occasioned the injury was of the class of acts for which a remedy is given. We think it very clear that the plaintiff has failed to establish the latter fact.

The district court, therefore, rightly directed the jury to find for defendant.

Affirmed.