## PIERCE V. THE CENTRAL IOWA R'Y CO.

1. **Railroads:** INJURY TO MECHANIC AT WORK ON TRAIN: NEGLIGENCE. Where a mechanic from one of defendant's shops, acting under the orders of his superiors, was working, as commanded, upon a ladder leaning against defendant's train, it was negligence for the trainmen to move the train without signals or notice to him; or, if his position was not such as to be readily observed by the trainmen, it was negligence for the foreman, under whom he was acting, not to give notice to the trainmen of his dangerous position.

2. ———: ———: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. Whether in such case the mechanic was guilty of contributory negligence in not himself giving notice to the trainmen, was properly submitted to the jury.

3. ———: ———: NEGLIGENCE OF TRAINMEN: LIABILITY: CODE, § 1307. Whether in such case the negligence be regarded as that of the trainmen, or of the foreman in not giving them the requisite information, it was, in the language of the Code, § 1307, connected with the use and operation of the railroad, and was the negligence of some one employed on it, so as to make the defendant liable under said section for injuries sustained by the mechanic on account of such negligence; and it makes no difference that he was not engaged in the operation of the road.

4. ———: CODE, § 1307: CONSTITUTIONALITY. Section 1307 of the Code, making railroad companies liable for injuries to employes through the negligence of co-employes, is not unconstitutional. (See cases cited in opinion.)

### *Appeal from Marshall District Court.*

### TUESDAY, OCTOBER 25.

ACTION to recover for a personal injury alleged to have been sustained through the negligence of the defendant. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*A. C. Daly,* for appellant.

*Sutton & Cummings,* for appellee.

ADAMS, CH. J.—The plaintiff, at the time of the injury, was in the employment of the defendant in one of its shops

at Marshalltown. The master mechanic of the shop directed him to go to the passenger station and assist some other employes in removing some screens from the cars of the passenger train while the same should be standing at the station. Immediately after the train came in and stopped, he, acting under one Batly, as foreman, placed a ladder against one of the cars, and ascended the same for the purpose of removing the screens. While he was in that position, the train moved backward, and caused the ladder on which the plaintiff was standing to fall. In the fall he received the injury of which he complains.

I. The defendant insists that the accident did not occur through the negligence of any one of its employes; but in our opinion there was evidence tending to show that it did. There was evidence tending to show that no bell was rung or other warning given of the movement of the train. We think, too, that if his exposed condition was not readily observable by those in charge of the train, they should have been notified by the foreman under whose orders the plaintiff was acting that he was to ascend the cars by a ladder; and it appears from the evidence that no such notice was given.

*1. RAILROADS: injury to mechanic at work on train: negligence.*

II. The defendant contends that the plaintiff was negligent in not giving the notice himself. But he was a subordinate employe, and it was for the jury to say whether in the execution of the orders given him he might not properly have relied upon those under whom he was acting to see to it that the orders could be executed in safety.

*2. ——: ——: contributory negligence: question for jury.*

III. It is said that the case does not come within the statute which makes a railroad company liable to an employe for an injury caused by the negligence of a co-employe. The statute in question is section 1307 of the Code. It provides for such liability when the injury is sustained by the negligence of co-employes, and the "negligence is in any manner connected with the use and

*3. ——: ——: negligence of trainmen: liability: Code, § 1307.*

operation of any railway on or about which they shall be employed." Whether we regard the negligence as that of the persons directly in charge of the train, or of the foreman in not giving them the requisite information, the negligence, in the language of the statute, was connected with the use and operation of the railway, and it was the negligence of some one employed on it. Even the foreman in the work in question was at the time employed on it; and if he should have given notice that this work was to be done, and that the cars were not to be moved in the meantime, he was responsible to that extent in the matter of their movement.

The defendant's position is that the plaintiff cannot recover because he was not employed in the operation of the road. But, in our opinion, that is not material. He was injured by the operation of the road, and, as the evidence tended to show, by the negligence of one or more who were charged with responsibility with respect to the movement of the train.

IV.   Finally, it is said the statute in question is unconstitutional.   But we think otherwise.   (*McAunick v. Miss. &*
4. ——: Code,   *M. R. R'y Co.*, 20 Iowa, 338; *Deppe v. Chicago,*
§ 1307: consti-
tutionality.    *R. I. & P. R'y  Co.*, 36 Id., 52; *Bucklew v.*
*Cent. I. R'y Co.* 64 Id., 603.)

We see no error, and the judgment must be

AFFIRMED.