## SMITH v. THE HUMESTON AND SHENANDOAH RAILWAY COMPANY.

**Railroads:** INJURY TO SNOW-SHOVELER: "USE AND OPERATION" OF RAILROADS. Plaintiff was employed by defendant as a snow-shoveler in clearing its track of obstructions by snow, and he was required to ride from one obstruction to another in defendant's caboose. The train was headed eastward, and had been standing for half an hour where the east end of the caboose was on a bridge. It was dark, and plaintiff did not know that the caboose was on the bridge. There was a water-closet in the northeast corner of the caboose, to which plaintiff resorted for an appropriate purpose, but it was so filled with tools that it could not be used without removing them. He then, in pursuance of his purpose, stepped to the door in the east end of the caboose, and went upon the platform, which was covered with snow and ice, so that he slipped and fell to the ground under the bridge, and was injured. The headlight of the engine was next to the caboose, and blinded him as he stepped out, so that he did not see the bridge. *Held* that he was an employe engaged in the operation of the railroad, within the meaning of section 1307 of the Code, and therefore entitled to damages if the defendant was negligent and he was not; and that, there being evidence from which the jury might have found for the plaintiff, it was error to take the case from the jury. (As to what employes are engaged in the operation of railways within the meaning of the statute, see authorities collated in opinion.)

| | |
|---|---|
| 78 | 583 |
| 82 | 254 |
| 78 | 583 |
| 87 | 214 |
| 78 | 583 |
| 92 | 229 |
| 78 | 583 |
| 94 | 692 |
| 78 | 583 |
| 101 | 617 |
| 78 | 583 |
| 103 | 288 |
| 78 | 583 |
| 106 | 61 |
| 78 | 583 |
| 128 | 212 |
| 78 | 583 |
| 130 | 589 |

*Appeal from Wayne District Court.*—HON. J. W HARVEY, Judge.

FILED, OCTOBER 21, 1889.

ACTION to recover damages for an injury for which defendant is alleged to be responsible. After the evidence had been fully introduced, the court withdrew the case from the jury, and rendered judgment in favor of defendant for costs. The plaintiff appeals.

*T. M. Fee* and *R. C. Poston*, for appellant.

*W. W. Morsman*, for appellee.

ROBINSON, J.—On the third day of February, 1886, the plaintiff and others were employed by defendant to remove snow and ice from its track. On that day the men so employed left Humeston on a train of defendant, and worked westward, arriving at Weldon about midnight. When not actually engaged in shoveling the men sat in a caboose attached to the train, and rode therein from point to point where their services were required. At Weldon a passenger and a freight train were met, and at about one o'clock in the morning of the fourth the freight train left Weldon, going east, followed by a train made up of two engines, the caboose, and a passenger, and perhaps other cars. The shovelers rode in the caboose, and were compelled to shovel the freight train out of the snow once or twice before it reached Le Roy. It was a cold, dark night, and the snow was drifting. At a point about half a mile east of Le Roy, and between three and four o'clock in the morning, the train on which plaintiff rode was stopped at a bridge in such a manner that the front end of the caboose stood on the bridge, twenty feet or more above the level of the ground below. A water-closet was located in the northeast corner of the caboose, and was partially filled with shovels and picks, so that it could not be used for the purpose for which it was designed without removing them. Just south of the water-closet was the east door of the caboose. The front of the engine to which the caboose was attached was to the west. When the train had been stopped about half an hour, the plaintiff, urged by a pressing necessity, sought to use the water-closet, but finding that it was not in condition for use, and, having no knowledge that the caboose was on a bridge, opened the east door, and went upon the platform, for the purpose of relieving himself. The platform was covered with ice and snow to the depth of two or three inches, and was slippery. When

plaintiff stepped upon the platform he was blinded for a moment by the headlight of the engine next to the caboose.  He did not see the bridge.  His feet slipped, and he fell to the ground below.  The fall fractured the femur of his right leg in two places, and resulted in permanently disabling him.  Defendant is charged with negligence in stopping the caboose on the bridge ; in not notifying its occupants that it was stopped on a bridge ; in permitting the tools to be placed in the water-closet ; and in allowing ice and snow to accumulate on the east platform.  The answer is a general denial.

I.  Appellant contends that defendant is liable in this action, by reason of the facts we have stated, under that section of the Code which reads as follows :  "Sec. 1307.  Every corporation operating a railway shall be liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employes of the corporation, and in consequence of the wilful wrongs, whether of commission or omission, of such agents, engineers or other employes, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding." It has been repeatedly held by this court that the employes who are entitled to the benefit of that section are those who are engaged in the business of operating railroads.  *Deppe v. Railway Co.*, 36 Iowa, 52 ; *Malone v. Railway Co.*, 65 Iowa, 417, and cases therein cited ; *Luce v. Railway Co.*, 67 Iowa, 75 ; *Smith v. Railway Co.*, 59 Iowa, 74 ; *Stroble v. Railway Co.*, 70 Iowa, 559. It has also been held that employes who are, by the nature of their employment, exposed to the hazards incident to moving trains, are within the statute, even though they are not engaged in operating them.  *Pyne v. Railway Co.*, 54 Iowa, 225 ; *Frandsen v. Railway Co.*, 36 Iowa, 372 ; *Pierce v. Railway Co.*, 73 Iowa, 142 ; *Nelson v. Railway Co.*, 73 Iowa, 576.  In *Foley v. Railway Co.*, 64 Iowa, 644, it was held that the wrongs

for which corporations operating railways were liable under section 1307 include the neglect of agents, and the mismanagement of engineers and other employes. That construction was followed in *Malone v. Railway Co., supra*, and may now be regarded as settled. The question we are required to determine is whether plaintiff has shown himself to be within the statute. In the *Foley case* attention was called to the fact that, with the exception of the *Deppe case*, all the actions in which this court has determined that railway companies are liable in this class of cases are those where the injury was received by the movement of cars or engines on the track, but it was not held that there could be no recovery unless the injury complained of was so received. The statute authorizes a recovery by an employe for damages sustained in consequence of a wrong "in any manner connected with the use and operation of any railway" on or about which the person injured is employed. It has been held that employes who are injured in railway coal-houses, while hoisting coal, are not within the statute. *Stroble v. Railway Co.,* 70 Iowa, 559; *Luce v. Railway Co.,* 67 Iowa, 75. Also that an engine-wiper who received injuries in the line of his duty, while assisting in closing a door after the passage of an engine, was not. *Malone v. Railway Co.,* 65 Iowa, 417. Nor is an employe injured in a railway shop, while assisting others in moving a driving wheel, within the statute. *Potter v. Railway Co.,* 46 Iowa, 400. The same is true of persons employed to load and unload cars, who are not required to ride upon trains. *Schroeder v. Railway Co.,* 41 Iowa, 344; *Smith v. Railway Co.,* 59 Iowa, 74. In the *Foley case* the duties of the plaintiff required him to ride upon trains, but the injury of which he complained was not in any manner the result of or connected with the use and operation of a train. He was injured while helping to make repairs on a car which was standing on the repair track in the yards of the company. In this case plaintiff's duties required him to ride on the train, and at the time of receiving the injury he was on the train in the discharge

of the duties of his employment. The evidence as to negligence was such that the jury might have found that the injury was the result of negligence or mismanagement on the part of employes of defendant. The placing of tools in the water-closet, the stopping of the caboose on the bridge, the failure to notify the occupants of its position, and permitting ice and snow to accumulate on the platform, were matters connected with the use and operation of the train, and hence of the railway. We do not think the fact that the train was not in motion when plaintiff was injured ought to defeat his recovery. He would not have been hurt had he not been on the train in the discharge of his duties. The services of himself and others were required, in order that the train might be moved, and when the track was cleared of obstructions he was obliged to ride on the train. We think he was within the statute. We do not think our conclusion is in conflict with any question determined in any of the cases to which our attention has been called, while it finds support in *Deppe v. Railway Co.*, 36 Iowa, 52 ; *Schroeder v. Railway Co.*, 47 Iowa, 375 ; and *Smith v. Railway Co.*, 59 Iowa, 74. Much that was said in *Pyne v. Railway Co.*, *supra*, is in harmony with the views we now express. In that case it was said that the proper test in determining the question is, "does the duty of the employe require him to perform service which exposes him to hazard peculiar to the business of using and operating a railroad?" In this case plaintiff was performing service for the defendant when he was in the caboose to be conveyed to the next obstruction, as well as when he was actually engaged in shoveling ice and snow.

II. The conclusion we have reached renders a decision of other questions discussed by counsel unnecessary. For the error of the court in withdrawing the case from the jury its judgment is

REVERSED.