ERIC HADEN v. THE SIOUX CITY & PACIFIC RAILWAY COMPANY, Appellant.

Railroads: Negligence: EMPLOYEE. Assuming that a plaintiff who, knowing that it was customary to cut a train at a certain point, 1 stepped on the track at once after the first section had passed, was negligent, the jury might still allow him to recover for injury by the rear section, if the employees on that section could see him on the track when the rear end of the train was yet three hundred feet from him.

Who is engaged in "operating" the road. A section foreman 2 engaged in repairing the track for the present operation of trains, is engaged in the business of "operating a railroad" within Code, 1307.

Instructions: Construed. Where an injury totally disables for a 3 time and merely lessens earning capacity for another period, an instruction allowing the amount that could have been earned during 4 the first period and also for "any decreased capacity" to earn money in the past, means that the allowance for "decreased capacity" applies to that time only in which the injured person could work, but not to his full capacity.

*Appeal from Harrison District Court.*—HON. A. VAN WAGENEN, Judge.

FRIDAY, OCTOBER 19, 1894.

ACTION for personal injuries. Judgment for plaintiff, and the defendant appealed.—*Affirmed.*

*John B. Hawley, B. T. White* and *J. W. Barnhart* for appellant.

*S. H. Cochran* for appellee.

GRANGER, C. J.—This case was before in this court, and reversed. It is reported in 48 N. W. Rep. 733, and the facts need not be restated. The petition charges negligence on the part of the company in the separation of its train, and also negligence on the part of the brakeman in charge of the rear section, by which the plaintiff was injured. On the former appeal we held that there was an absence of evidence tending to establish negligence on the part of the defendant, and that the evidence, without conflict, showed negligence on the part of the plaintiff.

I.   It seems to us that the verdict on this appeal has good support in the evidence, independent of the question of contributory negligence. It will be seen that on the other appeal a controlling fact on the question of the negligence of the brakeman was the nearness of the rear section of the train when plaintiff stepped on the track in front of it, it being understood that it was about thirty or forty feet, and that no additional diligence would have avoided the accident. On this appeal the testimony tends strongly to show that when he stepped on the track the rear portion of the train was four hundred feet away. On this point the evidence is in decided conflict. The brakeman who was on the rear section

says he saw plaintiff when he "started to step in on the track." If, then, the part of the train was four hundred feet away, instead of thirty or forty feet, just the reverse of our former conclusion would be true, and additional precautions might have been demanded by reasonable diligence, and have been available to avoid the accident. At least, such questions, under the present condition of the record, would be for the jury. Now, take it as an established fact that the brakeman saw plaintiff step on the track, as he says he did, and then take the fact, as the jury was warranted in finding it, that the section of the train was at that time four hundred feet away; and, even though it was negligence for the plaintiff to step on the track without looking to see if the other part of the train was approaching, the jury might conclude that the accident could have been avoided by due care on the part of the brakeman after he discovered the danger to plaintiff. If so, under a well recognized rule, there could be a recovery. That the brakeman regarded plaintiff in danger is shown by his own testimony, and he saw him when he stepped on the track. He thinks that he was then from forty to forty-five feet away, so that there was not time to set another brake than the front one, on which he sat. Other witnesses say the distance was four hundred feet, and if so, the reasoning of the former opinion would not apply now; and the jury might find that with diligence another brake could have been set, and the accident avoided, after the brakeman should have thought him in danger. We may further say, under the present state of the record, the jury might have found that the cutting of the train, as was done on the day of the accident, when going north, was such a departure from the usual manner of operating it, and found the further fact that the plaintiff was not familiar with the movements of the train at that point, so that we could not disturb the verdict, if based on such

a finding of negligence, and also a want of negligence on the part of the plaintiff, instead of upon the negligence of the brakeman alone after the danger was discovered. It is not important that we should make further reference to the evidence.

II. The petition shows that the plaintiff was injured while working as a section foreman on defendant's line, and there was a motion in arrest of judgment on the ground that the injury was caused by fellow servants, and the duties of the plaintiff were "wholly connected with the track, and in no way connected with the use and operation of trains thereon." We do not concur in this view. It is true that plaintiff was not engaged in the operation of trains, in the sense of being an employee on a train; but his work was along and on a track on which trains were operated, and had especial reference to train movements, in the way of keeping the track in repair and in condition therefor. His work was of the hazardous kind contemplated by the statute. See Deppe v. R'y Co., 36 Iowa, 52; Pierce v. R'y Co., 73 Iowa, 140, 34 N. W. Rep. 783; Smith v. R'y Co., 78 Iowa, 583, 43 N. W. Rep. 545; Frandsen v. R'y Co., 36 Iowa, 372; Butler v. R'y Co., 87 Iowa, 206, 54 N. W. Rep. 208. The section of the Code (section 1307) creating this liability for the negligence of coemployees, makes it attach "when such wrongs are in any manner connected with the use and operation of any railway, on or about which they may be employed." A person engaged in keeping in repair the track of a railroad for the present operation of its trains is engaged "in the business of operating a railroad." Malone v. R'y Co., 65 Iowa, 417, 21 N. W. Rep. 756. The injuries in this case are because of negligence of employees "which are connected with the use and operation of the railroad on which they are employed." Id. The reasoning in the Malone case is very applicable to, and conclusive of,

the question we are considering, notwithstanding the conclusion in that case. The court did not err in overruling the motion. Because of our conclusion that, independent of the questions of negligence in cutting and operating the train in sections, as was done, and of the negligence of the plaintiff, the verdict has support, it becomes unimportant to consider a number of questions urged by appellant.

III. The court gave the following instruction on the question of damages: "(10) If you find the plaintiff entitled to recover, under these instructions, you will then proceed to assess and determine the amount of his damages. You will first allow him for all that time which he could not work, at all the reasonable value of such time, by which is meant the amount of money he could have earned during that time if he had not been injured. You will next allow him for any decreased capacity to earn money in the past, by which is meant such an additional amount as, added to what he can earn in his present condition, will make that amount of money which he could have earned, had he not been injured. You will allow, in addition to such sum, a reasonable sum for the pain and suffering which he has undergone." It is urged that the rule given allows double damages, because he is to have full pay for the time he could not work at all, and then an allowance for his decreased capacity to earn money *in the past*. The construction is hardly warranted. The evidence shows total incapacity to work for a time, and then that he was able to work some, but that his capacity to earn money was lessened. We think the instruction should be, and was, understood to mean that an allowance for "decreased capacity" applied only to the part of the time when he was able to work, but not to his full capacity. Thus understood, the instruction is not erroneous. The judgment is AFFIRMED.