SYRUS E. STUBBS, Respondent, v. OMAHA, KANSAS CITY AND EASTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 18, 1900.

Railroads: OPERATING ROAD: FELLOW-SERVANT'S: STATUTORY CONSTRUCTION. The words, "engaged in the work of operating such railroad," used in the fellow-servant's statute covers the work of replacing old rails on a railroad track with new ones; and a servant injured while engaged in such work, by the negligence of his fellow-servant likewise engaged, can recover damages from the common employer. Cases considered.

Appeal from the Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Hall & Hall, J. M. Winters* and *J. G. Trimble* for appellant.

(1) That act (Session Acts 1897, p. 96), does not pretend to be so sweeping. If constitutional, it can apply only

to injuries received while the injured party is "engaged in the work of operating" a railroad. The intention is not to eliminate the question of fellow-servants from railroad employees, but simply from the "operating department"—the handling and moving of trains. Respondent and his fellow-servants were engaged in laying rails, which is construction work. He therefore belonged to the construction department and not to the operating department. They were fellow-servants and the law was not intended to apply to them. The instruction telling the jury that the question of fellow-servants had been wiped out in this state was erroneous, and the pleadings show respondent had no cause of action against the appellant. There have been no decisions, so far as we can find, in this state, construing this statute. Statute of Iowa, sec. 2071, Code of 1897; Statute of Kans., sec. 15, ch. G. S. 1897; Schroeder v. Railroad, 41 Ia. 344; Foley v. Railroad, 64 Ia. 644; Potter v. Railroad, 46 Ia. 399; Smith v. Railroad, 59 Ia. 73; Malone v. Railroad, 61 Ia. 326, and 65 Iowa 417; Mattson v. Railroad, 62 Ia. 22; Stroebel v. Railroad, 70 Ia. 555; Railroad v. Medaris, 59 Pac. Rep. 875.

*Harber & Knight* for respondent.

(1) Respondent, while engaged with other employees of appellant, in the replacing in appellant's road bed, old iron rails with new ones, was injured by negligence of his fellow-servants and co-employees in the handling of said rails. Under the fellow-servant act of 1897 (Laws 1897, p. 96), he was entitled to recover for such damages so sustained. Trust Co. v. Thomason, 25 Kan. 1; Railroad Co. v. Haley, 25 Kan. 26; Railroad v. Harris, 33 Kan. 416; Railroad v. Koehler, 37 Kan. 463; Railroad v. Brassffield, 51 Kan. 167; Railroad v. Vincent, 56 Kan. 344; Railroad v.

Pontius, 53 Kan. 264; Railroad v. Stahley, 62 Fed. Rep. 363; 27 U. S. App. 157; Deppe v. Railroad, 36 Ia. 52; Railroad v. Artery, 137 U. S. 507 (where Iowa cases up to this time are reviewed); Handelum v. Railroad, 72 Ia. 709; Smith v. Railroad, 78 Ia. 583; Butler v. Railroad, 87 Ia. 206; Keatly v. Railroad, 94 Ia. 685; Keatly v. Railroad, 103 Ia. 282; Hayden v. Railroad, 92 Ia. 229; Larson v. Railroad, 91 Ia. 81; Railroad v. Ivey, 73 Ga. 499; Steffenson v. Railroad, 45 Minn. 353; Njus v. Railroad, 49 N. W. Rep. 527. This act should be liberally construed in favor of the employee. Ryalls v. Mills, 150 Mass. 190; Coughlin v. Tow Boat Co., 151 Mass. 92; Clark v. Merchants, etc., 151 Mass. 352; Gibbs v. Railway, 12 Q. B. D. 208, 211; Railway v. Holborn, 84 Ala. 133, 134.

ELLISON, J.—The plaintiff was engaged in the service of defendant as a laborer and was injured through the alleged careless and negligent act of his fellow-servants laboring with him at the time. The verdict was for plaintiff in the sum of $1,500.

The evidence shows that plaintiff was engaged with several other of defendant's employees in replacing old rails on defendant's track with new steel rails. That in lifting one of the steel rails, the men had hold of each end the plaintiff being at one end. Those having hold of the other end suddenly and negligently, without cause, or warning, threw it down so that it jerked the other end, plaintiff's hand and arm being pulled down among other rails so that the rail thrown down fell on his hand and crushed one or more of his fingers so as to permanently injure the hand.

The main question presented is whether the fellow-servant law (secs. 2873-2876, R. S. 1899), applies to the case. The defendant contends that the law was only intended to cover injuries which may happen to servants while

operating the trains of the railway, while plaintiff insists upon a much broader interpretation. The section of the law directly involved is 2873, reading as follows:

"That every railroad corporation owning or operating a railroad in this state shall be liable for all damages sustained by any agent or servant thereof while engaged in the work of operating such railroad by the reason of the negligence of any other agent or servant thereof: Provided, that it may be shown in defense that the person injured was guilty of negligence contributing as a proximate cause to produce the injury."

It will be noticed that the words of the statute refer to those "engaged in the work of operating such railroad," and we do not see any reasonable ground for restricting these words to the operation of railroad trains. It can scarcely be said of those engaged in operating a railroad that they were merely operating trains on such road. It is common knowledge that conducting a railroad involves the operation of many departments and there is as much reason for saying the statute only embraced those engaged in repairing a track as that it only embraced those engaged in operating a train. Both these are necessary departments of labor in the operation of a railroad.

It is true that the movement of trains is the prime and final object in operating a railroad, but the operation of the road is as impossible without a track as it is without a train. It may furthermore be conceded as the movement of trains is the prime and ultimate object of the operation of a railroad that the servant should be engaged in some service which is necessary to the movement of trains. It is not necessary that it should be a service employed in the actual movement of the train, but a service connected with and necessary for the movement of trains.

In giving construction to the statute and in endeavoring

to get at the true intent of the legislature we should in this, as in any other instance of ascertaining the meaning of language, be governed by reason.    We should restrict the words "operating such railroad," to that labor which is directly connected therewith and not undertake to carry the statute into remote regions of independent action; such as the distant foundry where the rails are cast, or the different shops where the parts of engines and cars are fashioned.    Similar statutes in Iowa, Kansas and Georgia have received fully as liberal construction as contended for by plaintiff.    In some instances the work was repairing a bridge; in others, unloading ties on to the track for its repair; while in others, the work was loading coal onto the engine; and yet in another, the work was that of carrying water to those engaged in repairing a railroad bridge.    Railroad v. Vincent, 56 Kan. 344; Railroad v. Brassfield, 51 Kan. 167; Keatly v. Railway, 94 Iowa 685; Larson v. Railway, 91 Iowa 81; Haden v. Railway, 92 Iowa 226; Railroad v. Ivey, 73 Ga. 499; Steffenson v. Railroad, 45 Minn. 355.

In Railroad v. Stahley, 27 U. S. App. 157, it was held an employee in a round house engaged in putting an engine in order, injured while so doing, was within the protection of the statute.    Brewer, Circuit Justice, delivering the opinion, commenting upon the Kansas cases, said:

"Here as there the injury did not result from the movement of the trains, but occurred while the employee injured and the employee injuring were engaged in work not remotely but directly connected with the operation of the road. Putting a track in condition is no more directly connected with the movement of trains than putting an engine in condition.    It will be noticed that this plaintiff was not at work in a machine shop or in any other place not actually and necessarily used in the daily work of operating the railroad, but in a round house which is only a building in which en-

gines are housed and prepared for use. A round house is as much a necessity for railroading as a stable for the livery business * * *. He is not cutting ties on some distant tract to be used by the company in preparing its road bed, nor, in mining coal for consumption by the engines, nor even in the machine shops of the company constructing or repairing its rolling stock, but, the work which he was doing was work directly related to the movement of trains—as much so as that of repairing the track."

Having determined that the statute aforesaid embraces the plaintiff's case, it only remains to be seen whether the proceedings at the trial were free from any substantial error. The instructions for plaintiff read as a whole are correct, and, in our opinion, the criticism on number one is without merit when they are read as a series.

We are not inclined to lend a willing ear to defendant's objection that the court was not authorized in stating to the jury that it was admitted by the answer that defendant was negligent. The answer does allege that plaintiff's injuries were the result of the negligence of himself and his fellow-servants and in this way the application of the fellow-servant statute is invoked.

We are not willing, in view of the evidence, to disturb the verdict as being excessive.

On a full review of the record we believe the judgment to be for the right party and it is affirmed. *Smith, P. J.*, concurs; *Gill, J.* absent.