Thompson v. Chappell et al.

JAMES THOMPSON, Respondent, v. CHAS. H. CHAPPELL et al., Receivers, Appellants.

Kansas City Court of Appeals, January 6, 1902.

1. **Negligence: FELLOW-SERVANTS: STATUTORY CONSTRUCTION: OPERATING A RAILROAD.** A section-hand whose duty it is to assist in repairing a track on the railroad is, under the fellow-servant act, engaged in operating a railroad, and the common master is liable to him for the negligence of his fellow-servants.

2. **Master and Servant: ASSUMPTION OF RISK: NEGLIGENCE OF FELLOW-SERVANT: OPERATING RAILROAD.** The carelessness of a fellow-servant is not a risk incident to the employment of operating a railroad and is not assumed by the servant in entering upon such employment.

3. ———: **NEGLIGENCE: PUTTING HANDCAR ON THE TRACK.** The evidence justified sending to the jury the question whether the proper way of putting a handcar on the track was by shoving or lifting.

4. **Trial Practice:** READING PART OF DEPOSITION: PRESUMP-TION. There is no hard-and-fast rule in regard to reading in evidence the whole or a part of a document such as a deposition, and where plaintiff reads part and the defendant has permission to read the remainder and fails to do so, the presumption is, such remainder is not useful to the defendant or harmful to the plaintiff—especially in the absence of a showing to the contrary.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Hall & Hall* and *J. G. Trimble* for appellants.

(1) The court erred in permitting the introduction of cross-examination by plaintiff of witness Weldon. Plaintiff had a right to introduce the deposition of Weldon if he desired, but it should have been introduced as a whole. It was error in the court to permit detached portions to be read to the jury. Defendants are not required to cure this error by introducing the rest of the deposition. (2) The law is well settled that where a specific act of negligence is charged, plaintiff can recover only on such specific charge, and this is true although there may be a general charge of negligence. Plaintiff can recover, if at all, only on this specific charge. Waldhier v. Railroad, 71 Mo. 514; Jacquin v. Cable Co., 57 Mo. App. 320. (3) Whatever danger there might have been in putting the handcar on the track in the manner attempted was perfectly apparent to plaintiff. In his own testimony he repeatedly says he did not pay any attention to the way the other men were putting the car on. His injuries resulted, therefore, from his own carelessness and inattention and he can not recover. McCarty v. Rood Hotel Co., 144 Mo. 397; York v. Railroad, 117 Mo. 405; George v. Mfg. Co., 159 Mo. 333; Watson v. Coal Co., 52 Mo. App. 366. (4) Plaintiff's fellow-workmen were putting the car on the

track in the usual way under the circumstances, and he attempted an unusual method and was injured as a result.    It can not be disputed, therefore, that "plaintiff voluntarily placed himself in a dangerous position without any necessity for so doing," and was guilty of such contributory negligence as to prevent him recovering, and the demurrer should have been sustained.    Watson v. Coal Co., 52 Mo. App. 366; York v. Railroad, 117 Mo. 405; Moore v. Railroad, 146 Mo. 572; Davies v. People's Ry. Co., 159 Mo. 1; Hurst v. Railroad, 63 S. W. 693.    (5)   From all the testimony, therefore, it can not be disputed that plaintiff adopted an unusual method, without any necessity therefor and without any notice thereof to the other men, and thereby voluntarily placed himself in a dangerous position which resulted in his injury. Kellny v. Railroad, 101 Mo. 67; Hudson v. Railroad, 101 Mo. 13; Hogan v. Railroad, 150 Mo. 36; Sharp v. Railroad, 61 S. W. 829; Hurst v. Railroad, 63 S. W. 695, 698.    (6) But there is absolutely no evidence that the men working with plaintiff were negligent in pushing the car up to the track. Guffey v. Railroad, 53 Mo. App. 462; Hysell v. Swift, 78 Mo. App. 39; Holt v. Railroad, 84 Mo. App. 443; American Brewing Co. v. Talbot et al., 141 Mo. 674.    (7)   The court erred in refusing to give defendants' refused instruction numbered three, for it states a correct proposition of law, that plaintiff assumed all risk of injury incident to the work in which he was engaged.    Herriman v. Railroad, 27 Mo. App. 435; Watson v. Coal Co., 52 Mo. App. 366; Flynn v. Railroad, 78 Mo. 195; Renfro v. Railroad, 86 Mo. 302; Francis v. Railroad, 110 Mo. 387; Hurst v. Railroad, 63 S. W. 695.

*Harber & Knight* for respondent.

(1)   In fact the general rule is that "the party offering a deposition in evidence, is not bound to offer to read the whole of it, but what is not read by him may (if competent)

be read by his adversary." Watson v. Race, 46 Mo. App. 546; Edgar v. McArn, 22 Ala. 796; Bunzel v. Mass (Ala.), 22 So. Rep. 568; Williams v. Kelsey, 6 Ga. 365; McArdle v. Bullock, 45 Ga. 89; VanHorn v. Smith, 59 Iowa 142; Hammett v. Emerson, 27 Maine 308; Webster v. Calden, 55 Maine 165; Byers v. Orens Stein, 42 Minn. 386; Converse v. Myer, 14 Neb. 190; Whitman v. Morey, 63 N. H. 448; Smith v. Croker, 3 N. Y. App. Div. 471; Memphis v. Packet Co., 142 Ind. 304; Watson v. Winston (Tex. Civil App.), 43 S. W. 852. (2) As to appellant's contention, "That plaintiff's injuries resulted from his own carelessness and inattention," this court has so frequently and recently answered such contentions, we deem it useless to give further notice thereto. (3) As to appellant's contention, "That the defendants did not furnish sufficient men at this car to lift it up and set it on the track, and that therefore plaintiff can not recover," this question has also been submitted to and determined by the jury.

BROADDUS, J.—This suit is against the defendants who, as receivers, are operating the Omaha, Kansas City & Eastern railroad, a line of railway operated in the State of Missouri and through Grundy county. The plaintiff was a section-hand on said railroad whose duty it was to assist in repairing the track of the same. He alleges that on the twenty-third day of April, 1900, he, with other employees of defendant, undertook to assist in placing on defendant's track a certain car which was used by said other employees and himself in going from point to point over said railroad; that the other employees of said railroad in attempting to put said handcar upon the track handled the same in such a reckless and negligent manner as to injure and damage plaintiff in his left leg by bruising, mangling and mashing the same, as well as by injuring him in other parts of his body; that the said other employees, in placing said car upon said track, care-

lessly and negligently permitted the same to run against plaintiff, injuring him as aforesaid to his damage. in the sum of $250.

The case originated in a justice's court in Grundy county, from whence it was appealed by defendant to the circuit court of that county, from which the venue was changed to the circuit court of Sullivan county, where it was tried and verdict and judgment had for the plaintiff for $200, from which defendant appealed to this court.

The defendants complain of the action of the court in refusing to give their instruction number three, and their peremptory instruction for the jury to find for defendant. They also complain of the action of the court in permitting plaintiff to introduce parts only of the deposition of one Weldon, without compelling him to read all of said deposition as asked by the defendants. These are all the material errors complained of in this court.

It appears from the evidence in the case that the plaintiff, with others, was working in the "ballast gang" on the railroad in question; that is, they were engaged in putting what is known as ballast under and between the ties on the railroad. The plaintiff was injured while he and other laborers were in the act of putting a handcar on the railroad track, which car they used in going to and coming from their work. The defendants contend that as the plaintiff and his co-laborers were not engaged in the work of operating a railroad, the former are not liable for the negligence of plaintiff's fellow-servants. This proposition involves a construction of section 2873, Revised Statutes 1899, which was construed by the court in Stubbs v. Railroad, 85 Mo. App. 192, 194, wherein it was shown that the plaintiff, with other laborers and employees, was engaged in replacing old rails on defendant's track with new ones, when he was injured by the negligence of his fellow-servants. This court there held that they were engaged in the work of operating a railroad within

the meaning of the section named. It is folly to attempt to draw a distinction between that case and this. If the fellow-servant act applies to one it applies to the other; and as we are satisfied with the indisputable soundness of the decision in said case we will not waste time and space in further discussion of the point.

The next point for consideration is, that the plaintiff assumed all the risk of injury incident to the work in which he was engaged. This is true, but we are to learn for the first time that the carelessness of a fellow-servant is a risk incident to this kind of employment. The Legislature thought different when it enacted what is known as "the fellow-servant law." If the plaintiff's fellow-servants were careless in handling the car, in question here, and the plaintiff, without fault on his part, was injured thereby, it could not be said that plaintiff assumed the risk.

The defendants claim that there was no negligence on the part of the fellow-servants; that they did not know that plaintiff had any intention of lifting the end of the car; and that the evidence is undisputed that the men at the other end did not see, and without warning from plaintiff could not have known, that he intended to lift the car. There is evidence in the case that there was a sufficiency of men around the car to have lifted it up and put it on the track, the usual way of doing in such cases; and if this was true the plaintiff was justified in assuming that it would be put upon the track in that way, instead of being pushed upon it. Under such circumstances, it was negligence in the other laborers to push the car instead of lifting it, without giving him warning. If the proper way to put the car upon the track was by shoving, then the plaintiff was negligent and could not recover. But that was a question for the jury.

On the trial, the plaintiff was permitted to read to the jury the cross-examination of one Weldon as contained in his deposition. The defendants contended that it should all be

read, or none. The court ruled against them, but offered, however, to permit them to read the remainder if they desired. This, they declined to do. It is not shown that the part not read was important or pertinent to the issues in the case, or that it was in explanation or modification in any way of that which was read. The defendants are not shown to have been injured thereby in any way; and the presumption is, that if the remainder of said deposition had been useful to the defendants or harmful to plaintiff in any way they would have read it to the jury. There is no hard-and-fast rule governing cases of this kind. It is safe to say, however, that a party should not be permitted to introduce parts only of a writing which fairness required should be introduced as a whole. It is well known how often it is misleading to rely upon extracts from books and written documents. It is sometimes necessary to read the whole in order to understand any part of a writing. In such cases it would be highly important to have the entire writing read to the court or jury. On the other hand, parts of a writing may be understood without reference to the remainder; in which cases, only that part need be read which is pertinent to the inquiry on hand. It is a matter which the judge can easily determine by an inspection of the instrument itself.

There is but little merit in this appeal. Cause affirmed. All concur.