MILTON L. WILLSON, Appellant, v. WATERLOO, CEDAR FALLS & NORTHERN RAILWAY COMPANY, Appellee.

RAILROADS: Operation—Wrongs Connected With—Fellow-Servant
1 Rule. An injury *"in any manner connected with the use and operation of any railway"* is not shown, within the meaning of Sec. 2071, Code Supp., 1913, by the fact that such injury was received by a railway employee *solely* by reason of the movement of a self-propelled steam loading shovel, mounted, in a gravel pit, on a stationary flat car, which rested upon a switch track connected with the main line, which shovel the employee was, at the time, engaged in operating, even though the gravel, removed by means of the company's locomotives, was employed in the betterment of the railway.

CONSTITUTIONAL LAW: Equal Protection of Law—Arbitrary
2 Classification. Principle recognized that a statute is rendered

unconstitutional by an arbitrary classification of those who are and those who are not subject to the obligations of the act.

*Appeal from Bremer District Court.*—C. H. KELLEY, Judge.

## MARCH 7, 1918.

MILTON L. Willson was employed by the defendant corporation to work about a movable dirt shovel, which operated on its own power; and while so employed, was injured, through the negligence of a fellow employee. Verdict was directed for the defendant, because the trial court held that the work in doing which Willson was injured was in no manner connected with the use and operation of any railway. Plaintiff appeals.—*Affirmed.*

*Loren Risk* and *Sager & Sweet,* for appellant.

*Mullan & Pickett* and *Hagemann & Farwell,* for appellee.

1. RAILROADS:
operation:
wrongs connected with:
fellow-servant rule.

SALINGER, J.—I. The facts upon which recovery is sought are these: Willson was employed by a railway corporation. He was in its employ when injured. Locomotives belonging to it placed empty flat cars in a gravel pit on or near a sidetrack connected with defendant's main track, and left them in this pit. Defendant's locomotives removed the loaded cars. This gravel was used for the betterment of the defendant's road. Willson was employed about a shovel, which at times was hauled by locomotives, say to get the shovel into the pit, and to fill its boiler. A movable track belonging to this shovel was laid on the flat cars to be loaded. The shovel was lifted upon these rails, and then moved forward on the car on its own power. As the front end of the car became loaded, the shovel would back on those rails, and so proceed until the car was loaded. It was while this shovel was upon one of these flat cars,

which was standing still, and when no locomotive was in the pit, that plaintiff was injured. The petition describes the situation as follows: Plaintiff was a fireman on this steam shovel. It was one of his duties to aid in moving the shovel along the track on which it ran, and to put it back on the track if it should get out of place. The flange of one of its wheels rolled upon the rail, the shovel was about to run off its track, and it became his duty to take an iron bar and replace the wheel on the rail. He did this, and, after he had replaced it, it became necessary for him to replace the iron bar that he had used in this work. While he was replacing this bar on the shovel, his fellow employee, the engineer, without giving plaintiff any warning, although he had been requested by plaintiff to wait, turned on the steam, released the brake of the shovel, carelessly ran it against the plaintiff, knowing he was in a helpless position, and by running one of the wheels of the shovel upon the foot of the plaintiff, seriously injured him.

II.   Code Section 2071 abrogates the "fellow-servant rule" upon the following conditions: (a) The employer must be a corporation operating a railway; (b) the injury must be in some manner connected "with the use and operation" of such railroad. The question is whether plaintiff's case brings him within the statute.

There has been an absolute flood of decisions dealing with the application of this statute. It would fill half a volume of our reports to fully analyze merely those that the litigants here have cited. Broad, general language used in many of them seems to create a conflict in them. Possibly there is more or less actual conflict. Some general language used in some of our decisions makes the benefit of the statute very narrow, and perhaps unduly so. Equally true is it that general language used in others makes the scope of the enactment too broad. The time has come when opinions written on this point will only aggravate the ex-

isting maze, if they shall attempt to digest our decisions. The most useful service we can render is to announce and apply what we conceive to be the principles fairly deducible from the true weight of our previous decisions. For that purpose, this is a fair analysis of the essentials: (a) The employer here is one to whom the statute applies. (b) Plaintiff was, at times when he was not injured, employed in connection with the use and operation of the employer's railroad. (c) The employment during which he was injured had the betterment of defendant's roadbed for its object. (d) Plaintiff was injured because a fellow servant negligently ran a steam shovel upon plaintiff. (e) At the time of the injury, the shovel was upon a flat car which was standing still, and while plaintiff was not exposed to any danger from movement or the possibility of moving the flat car.

2. CONSTITUTIONAL LAW: equal protection of law: arbitrary classification.      Proceeding by elimination: While it is necessary that the employer shall be the one named in the statute, it is not enough that he is such an one. If the statute were based solely upon who the employer is, it would be unconstitutional. *Deppe v. Chicago, R. I. & P. R. Co.*, 36 Iowa 52; *McAunich v. Mississippi and Missouri R. Co.*, 20 Iowa 338.

It is not enough that the shovel operated on movable rails laid upon a flat car that was not moving. *Slaats v. Chicago, M. & St. P. R. Co.*, 149 Iowa 735, at 739.

It is not enough that, at times when there was no injury, plaintiff was employed in connection with the use and operation of defendant's railroad. The *injury* must be so connected. *Malone v. Burlington, C. R. & N. R. Co.*, 65 Iowa 417.

It is not enough that the injury was done by negligent moving of heavy machinery run by its own power. Other-

wise, injury by a moving crane operated in the shops would satisfy the statute—and it does not. See *Slaats v. Chicago, M. & St. P. R. Co.*, 149 Iowa 735, at 739.

The most that can be said for connection with the use and operation of the road is that the work in which plaintiff was hurt had the betterment of the roadbed for its object. In the broad sense, everything done for the owner of a railroad for the purpose of aiding its use and operation has a connection with that use and operation. But that is not the sense in which the statute speaks. As said in *Slaats v. Chicago, M. & St. P. R. Co.*, 149 Iowa 735, at 737:

"In a sense, everything such a corporation does is in some manner connected with the use and operation of its railway, for that is the purpose of its existence. Thus, the work of those who solicit freight or passengers for transportation, or enter into traffic arrangements with other roads, or procure rolling stock or fuel for the engines, and the like, is connected with the successful operation of the enterprise; but no one pretends that work in any of these lines is within the purview of this statute."

And see *Malone v. Burlington, C. R. & N. R. Co.*, 61 Iowa 326. The mere purpose to aid the condition of the road cannot suffice, if actual repairing the bed will not,— and it will not. See *Dunn v. Chicago, R. I. & P. R. Co.*, 130 Iowa 580.

. No construction of the statute is permissible which would work an arbitrary differentiation. It must not be held applicable to one injury and not to another, when the injury and the attending circumstances are substantially alike, and when the only differences are purely adventitious. How does the case before us differ from some that may be supposed, and as to which it would not be claimed that the statute applies? For the purposes of such comparison, the naked fact that the employer is a corporation operating a railroad had no bearing on what is connection with use

and operation. See *Slaats v. Chicago, M. & St. P. R. Co.*, 149 Iowa 735, at 738, 739. Suppose a private person had contracted with the defendant railroad to furnish it gravel for ballast. He gets the gravel in a pit having a spur connecting with the main line of a railroad other than defendant's. He has flat cars hauled into the pit by horses, and the loaded cars taken out to said main line by the same motive power. He employs plaintiff to load these cars with a shovel like the one used in this case, and plaintiff is injured while loading. At this time, there is nothing in the pit to move the car, and it was never in movement while being loaded. After the loaded cars reach the main track, they are forwarded to defendant by rail. In both the actual and the supposed case, the gravel gives the same aid to using and operating the road. In both cases, the injury results from the same agency. In both, there is precisely the same danger. In neither, we think, was there any hazard which is special to "railroading." It would make the statute void if it permitted recovery in one of these cases and not the other. Properly construed, it permits it in neither. We should not construe it into being void. To relieve one hard case, we may not destroy a statute which is validly of great benefit to many.

*Akeson v. Chicago, B. & Q. R. Co.*, 106 Iowa 54, ably analyzes what this court has said on the subject with as much fullness as is in reason possible. We think this analysis fully sustains our view that the trial court rightly directed verdict against the plaintiff. And see *Reddington v. Chicago, M. & St. P. R. Co.*, 108 Iowa 96; *Lammars v. Chicago, G. W. R. Co.*, 162 Iowa 211. The judgment appealed from must stand—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.