NELSON v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Railroads**: INJURY TO EMPLOYE ON DITCHING MACHINE: "USE AND OPERATION" OF RAILROAD. The working of a ditching machine on a railroad, which is operated by the movement along the track of the train of which it forms a part, is an employment "connected with the use and operation" of the railroad, within the meaning of § 1307 of the Code, making the company liable for injury to an employe through the negligence of a co-employe.

2. **Procedure**: DIRECTING VERDICT. The court should not direct a verdict for the defendant when there is any conflict in the evidence bearing upon the issues involved.

*Appeal from Scott District Court*—HON. A. J. LEFFINGWELL, Judge.

TUESDAY, DECEMBER 20.

THE plaintiff brought this action to recover damages for a personal injury which he alleges he sustained by reason of the negligence of a co-employe while engaged in operating a ditching-machine upon a moving train of cars. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Heinz & Hirschl*, for appellant.

*Grant & Grant*, for appellee.

ROTHROCK, J.—I. At the close of the evidence, the defendant presented a motion that the jury be instructed to return a verdict for the defendant. The motion

1. RAILROADS: injury to employe on ditching-machine: "use and operation" of railroad.

was as follows: "*First.* The undisputed evidence shows that plaintiff was at the time of his injury working on a ditching-machine constructed on a flat car, being struck by a crank which was made to revolve by the lowering of the bucket, which result was produced by the weight of the bucket alone; and that said accident or injury was not in any manner due to the neglect of any of defendant's agents, or the misman-

agement of any of its employes or agents, connected in any manner with the use and operation of its railway on or about which they were employed. *Second.* The undisputed evidence shows that the injury was caused by his own neglect in not standing out of reach of the crank which struck him, when his duty did not require him to be there, and after he had been instructed and shown how to work the machine, and had actually been at work with it five or six days, and was bound to take notice of the danger of being in reach of it when not required to be there when the bucket was to be raised." The motion was sustained, and this ruling of the court is the grievance of which plaintiff complains.

The first question presented is, was the court in error in determining that there was no sufficient evidence for the consideration of the jury, and from which they might determine that the plaintiff was entitled to recover by reason of having been injured by the negligence of co-employes while engaged in an employment " connected with the use and operation " of a railway, as provided in section 1307 of the Code? To determine this question, it is necessary to understand the nature and character of the employment, and the cause of the injury. The train upon which the plaintiff was employed was what was called a " ditching train." As we understand it, the train consisted of a locomotive with its tender, a caboose, and a flat car upon which the ditching. machine was placed, and upon which car it was operated by the plaintiff and other employes. The machinery consisted of a derrick and a scoop or shovel on each side of the car. The buckets were raised and lowered by means of a windlass. It was the plaintiff's duty to assist in raising one of the buckets when it was filled. At the time of the accident the bucket or scoop was being filled. It is not very clear how or by what force the buckets were filled. As we understand the facts, the buckets were lowered to the ground in the ditch, and were filled by the movement of the train, which scooped the buckets along on the ground. At the time of

the accident the front end of it was too low to properly do its work, and the rear end of the bucket was let down. As it went down, it caused the windlass to revolve, and the crank struck the plaintiff, and broke his collar-bone. There is no dispute that the train was moving when the injury was received. There is no complaint that the engineer in charge of the locomotive was negligent in any respect. It is not claimed that the train was moved when it should not have been; indeed, the work in hand was accomplished by moving the train. The buckets or shovels could be raised or lowered with the train standing still, but to do the work for which the ditching-machine was intended it was absolutely necessary that the railway be " operated " within the meaning of the statute; that is, that the engine and cars be moved upon the track. Now, while thus engaged, the plaintiff was injured. It is very clear to our minds that his employment was such, at the time of the injury, as to bring him within the class of employes included in the statute above cited. The ditching-machine is altogether unlike a steam-shoveler, or a dredge worked by a stationary engine. It was propelled by a moving engine upon the track of the road. It is true, the plaintiff was not injured by contact with the wheels of a car or engine; but this was not necessary in order to entitle him to recover, because it is equally true that, if the car had not been in motion at the time, it would have been useless to raise or lower the bucket or shovel. It was the movement of the train that made it necessary to lower the rear end of the bucket. It was not necessary, to maintain the action, that the plaintiff should be an employe engaged in the actual movement of the train, as an engineer, brakeman or conductor; it is sufficient if he was one of the crew necessary for the performance of the work intended to be done by the train, and its machinery and appliances. We think it is clear that the proof shows the case to be within the statute; and we do not regard it as necessary to discuss the cases heretofore determined by this court on this question.

II. It is claimed, however, in the second point of the motion, that the undisputed evidence shows that the plaint-

2. PROCED-URE: direct-ing verdict. iff was injured by reason of his own neglect. We think there was such a conflict in the evidence on this question as that the case should have been submitted to the jury. As the cause must be reversed and remanded for a new trial, it is unnecessary, and perhaps improper, to discuss the evidence here. REVERSED.