## CHARLES V. RICE, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, February 4, 1902.**

1. **Fellow-Servants, who are.** The fellow-servant act protects all the employees of railroad companies whose duties require them to travel on cars along the line of the road, whether those duties pertain to the actual business of transportation or only to keeping the track and rolling stock in such condition as will render the transportation business safe. A section-hand riding on a handcar is within its protection.

2. **Instruction: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE.** An instruction requiring a jury to find the plaintiff's negligence materially contributed to his injury, is erroneous.

Appeal from Mongomery Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* for appellant.

(1) The demurrer to the evidence should have been sustained. Yarnall v. Railroad, 113 Mo. 570; Henry v. Railroad, 113 Mo. 525; Harvey v. Railroad, 6 Mo. App. 585; Moore v. Railroad, 28 Mo. App. 628. (2) The trial court should have directed a verdict in the defendant's favor at the close of the whole case. Authorities cited under point 1, supra. (3) The court gave erroneous instructions at the plaintiff's request and of its own motion. Ampleman v. Ins. Co., 35 Mo. App. 308; Shoe Co. v. Bain, 46 Mo. App. 581; Devitt v. Railroad, 50 Mo. 302; Gilson v. Railroad, 76 Mo. 282;

Marshall v. Schricker, 63 Mo. 308; Carroll v. Campbell, 110 Mo. 557, 572.

*John M. Barker* for respondent.

(1)   In addition to former cases alluded to, we ask the court in support of the proposition that all the instructions ought to be taken together and considered together.   Gordon v. Burris, 153 Mo. 223-232; Fischer v. Packing Co., 77 Mo. App. 108-114; Burdoin v. Trenton, 116 Mo. 358; Easley v. Railroad, 113 Mo. 236; Riley v. Railroad, 94 Mo. 600.   (2) If defendant obtained conflicting instructions he can not complain.   Linn v. Bridge Co., 78 Mo. App. 111; Hoehn v. Shootman, 71 Mo. App. 399.

GOODE, J.—Plaintiff was hurt by being knocked off a handcar running on the track of the defendant company as he claims, or by slipping off, as the defendant claims.   Two handcars started out from the station of New Florence in the afternoon of a summer day with a number of section hands on each car going to their work on the line from which they had been driven to shelter by a passing shower.   Plaintiff was on the front car and so was the section foreman, Taylor.   The two cars were run close together by direction of said foreman, or, as he testified, touching each other.

There is a strong conflict of testimony as to whether plaintiff was standing on an insecure position near the edge of the front car, and slipped therefrom on account of having on a new pair of shoes whose soles were slick, or whether he was knocked off by the rear car running against the front one and the body of one of the men who was working a lever of the rear car striking against him.

Appellant contends a demurrer to the plaintiff's evidence should have been sustained; but this view is entirely inadmissible, as the evidence clearly made a case for the jury as to

whether the plaintiff was injured without his fault by the negligence of the men on the rear car, or whether his own carelessness caused or contributed to the accident. Without setting out excerpts from the testimony of the witnesses bearing on this issue, we may say the record teems with statements tending to prove the plaintiff was hurt in the manner he claims and without any fault of his own.

The disposition of the appeal, therefore, depends on the rulings of the trial court on the instructions presented by the respective parties.

One point relied on by the appellant is that if the accident was not due to the respondent's carelessness, it was due to that of his fellow-servants, who were on the rear car, and that respondent is not within the scope or entitled to the benefit of the act making a railroad company responsible for an injury sustained by a servant through the negligence of a co-servant, because neither he nor the other employees who were running the handcars were engaged in the work of operating the railroad.

The statute in question is as follows:

"That every railroad corporation owning or operating a railroad in this State shall be liable for all damages sustained by any agent or servant thereof while engaged in the work of operating such railroad by reason of the negligence of any other agent or servant thereof; Provided, that it may be shown in defense that the person injured was guilty of negligence contributing as a proximate cause to produce the injury." R. S. 1899, sec. 2873.

So far as the point under consideration is concerned, that statute does not differ materially from the Iowa law on the same subject, and was likely modeled after the latter; so, cases construing the Iowa statute are persuasive authority as to what should be the construction of our own. The point raised by the appellant has been passed on many times by the Supreme Court of Iowa and once by the Supreme Court of the

United States in treating the statute of that State, and the decisions of both courts were against the appellant's contention.

Laws of this kind are of a remedial nature and such an interpretation is and ought to be given to them as will best realize the purpose of the Legislature to afford employees of railroad companies, who work in dangerous positions and are exposed to the unusual hazards incident to a service in which their personal safety is jeopardized by the carelessness of numerous other employees over whom they have no control and whose habits of work, in respect to being careful or careless, they have but slight chance to observe, redress for injuries sustained by the default of such other employees, unrestricted by the common-law doctrine in regard to injuries caused by the acts of fellow-servants.   Hence, attention is paid rather to the humane spirit of the law than to its exact words; and a construction is put on it which brings within its remedial efficacy all employees whose duties require them to travel on cars along the tracks of the railroad, whether those duties pertain to the actual business of transporting persons and property or only to keeping the tracks, rolling stock and other appliances in good condition so that the company's transportation business can be safely and efficiently conducted.

In one opinion, where the plaintiff was injured through the carelessness of a co-employee while he was shoveling gravel from a construction train, the Supreme Court of Iowa said:

"The defendant was not operating the railroad in the sense of doing the business for which it was designed, the carrying of passengers and freight.   It was merely running trains over it as a part of the means employed in building it. That there is a marked difference between the general management of the business and finances of a railroad and the running of a special train over it in repairing or constructing it by a company which does not control it, but is an employee or contractor under the company which controls it, can not of course

be denied. If we were to throw out of consideration the spirit and object of the statute, and look only to a critical construction of its language, we might concede that it would bear the meaning which the appellant would put upon it. The Legislature, however, has seen fit, in consideration of the exceptional hazards of the business of operating a railroad, to abrogate in respect to that business the common-law rule that an employee can not recover against his employer for an injury received through the negligence of a co-employee. The running of a special train over a railroad is operating it in some restricted sense. For such purpose, as well as in the general business of the road, a number of persons must be employed, each dependent for his safety upon the skill and fidelity of the others. We are of the opinion, therefore, that the running of special trains over a railroad by a construction company in constructing it, is operating the railroad within the meaning of section 1307 of the Code." McKnight v. Railroad Co., 43 Iowa 406. That excerpt suffices to illustrate the view taken of such legislation by a court which has been often called on to construe it.

Without referring to all the cases in that jurisdiction bearing on the subject, we cite the following as directly in point: Deppe v. Railroad Co., 36 Iowa 52; McKnight v. Id., supra; Nelson v. Id., 73 Iowa 576; Rayburn v. Id., 74 Id., 637; Larson v. Id., 91 Id. 81; Haden v. Id., 92 Id. 226; Railway Co. v. Artery, 137 U. S. 507.

The case last cited and that of Larson v. Railroad Co., supra, are practically identical in their material facts with the present controversy. In each of them the employee seeking relief against the company had been hurt by being caused to fall from a handcar by the negligent act of a co-employee, and in each the company was held responsible to him in damages.

We rule, therefore, that it constitutes no defense to the plaintiff's action that he was injured by the negligence of his fellow-servants.

This instruction was given at the instance of plaintiff against defendant's objection and that ruling is assigned as error:

"Though the jury may believe from the evidence in the cause that the plaintiff was wearing a new pair of shoes, yet if they further believe that the wearing of such shoes *did not materially contribute in any way* to cause the injuries of plaintiff, and that he did *not in any way materially contribute in any way to his own injury as to aid in bringing on his fall,* or further believe that the plaintiff was placed in such a perilous condition and situation by the negligence of the defendant as specified in other instructions, and *was so environed by his surroundings caused by such negligence,* if any, of the defendant, that he could not escape therefrom by the use of *all reasonable diligence on his part,* and that while so situated he was struck from the rear by the oncoming handcar, *or any one or substance on said car,* so violently as to throw him from the car while in motion and thus cause his downfall and injuries, the verdict should be for the plaintiff under such circumstances in the first count."

That charge was vicious in leaving it to the jury to say whether, if the plaintiff was guilty of negligence, such negligence materially contributed to his injury. The doctrine of comparative negligence does not obtain in our State as has been many times decided. Any negligence on the plaintiff's part which directly contributed to his injury, materially contributed thereto. The issue is not in regard to the extent of its influence in causing the accident as compared with the defendant's negligence, but whether in fact it was an active agent in some degree in causing it. Submitting it to the jury to determine whether negligence on the defendant's part, which contributed to his injury, was material or materially contributed thereto, would authorize the assumption that he might be guilty of contributory negligence to some extent, which would not affect his right to recover, and was undoubtedly an

erroneous direction. Holwerson v. Railroad Co., 157 Mo. 241; Ampleman v. Ins. Co., 35 Mo. App. 308; Gilson v. Railroad Co., 76 Mo. 282. The instruction was otherwise likely to bewilder or mislead the jury and, as a whole, is to be condemned.

We find no fault with the modification of an instruction requested by the defendant, that if the jury found the injury received by the plaintiff *was the result of an accident*, the verdict must be for the defendant, so that it read, *an accident not caused by the negligence of the defendant.*

For the error in giving the instruction above quoted, the judgment must be reversed and the cause remanded, and it is so ordered. *Bland, P. J.*, and *Barclay, J.*, concur.