## Dominick Carbanaro, Defendant in Error, v. Great Northern Railway Company, Plaintiff in Error.

### Gen. No. 21,639.

1. CONTINUANCE, § 19*—*when motion for continuance to obtain absent witnesses properly denied.* A motion for continuance to enable parties to secure the attendance of absent witnesses is properly denied where there is no sufficient showing of diligent effort before the trial to secure such attendance or of a reason why the depositions of such witnesses could not have been taken.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action by employee against railroad for negligent injuries sufficient.* In an action by an employee against a railroad company to recover for personal injuries, brought under a statute of a foreign State providing that "every person or corporation operating a railroad in this state shall be liable in damages to any person suffering injury while * * * employed by such person or corporation so operating such railroad, * * * for such injuries * * * resulting in whole or in part from the negligence of any of the officers, agents or employees of such person or corporation," statement of claim examined and *held* to state a cause of action.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCVII 30

*sufficient.* A statement of claim will be deemed sufficient where no objection is made to it before trial and no objection is made to the evidence offered at the trial on the ground of variance.

4. RAILROADS—*when evidence sufficient to establish operation of railroad.* In an action by an employee to recover for personal injuries brought under the statute of a foreign State, where it appeared that at the time of the injury plaintiff was employed by defendant as a section hand, *held* that evidence that when so injured plaintiff was pushing a hand car loaded with scrap, shovels and iron bars, on top of which was a large door, along the tracks of defendant, and was injured by the door falling upon him, was sufficient to show an operation of the railroad within the meaning of the statute making defendant liable for plaintiff's injuries sustained by the negligence of defendant's servants "in or about the handling, movement, or operation of any train, engine, or car on or over such railroad."

5. RAILROADS—*what constitutes operation of railroad.* The movement of a hand car along a railroad is as much a use and operation of the railroad as the movement of a train of cars drawn by a locomotive.

6. MASTER AND SERVANT, § 737*—*when question whether section foreman negligent in placing door on top of loaded hand car for jury.* In an action by a railroad section hand to recover for personal injuries sustained as a result of being struck by a large door which fell from a hand car plaintiff was pushing when injured, such door having been placed by defendant's section foreman on top of a load of scrap, shovels, iron bars, etc., the question whether the foreman was negligent in placing the door on top of the load is for the determination of the jury.

7. MASTER AND SERVANT, § 626*—*when evidence of strong wind competent as bearing on negligence in placing door on top of loaded hand car.* In an action to recover for personal injuries sustained by a railroad section hand as a result of being struck by a large door which fell from a hand car which plaintiff was pushing when injured, such door being placed by defendant's section foreman on the car on top of a load of scrap, shovels, iron bars, etc., evidence that at the time of the accident a strong wind was blowing is competent on the question of the negligence of the foreman, either in loading the car or in failing to secure the door, or both.

8. MASTER AND SERVANT, § 697*—*when evidence sufficient to sustain finding of negligence of foreman.* In an action to recover for injuries sustained by a railroad section hand as a result of being struck by a large door which fell from a hand car which plaintiff was pushing when injured, such door being placed by defendant's

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

section foreman on the car on top of a load of scrap, shovels, iron bars, etc., a finding that the foreman was negligent, *held* proper under the evidence.

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1915.   Affirmed.   Opinion filed January 17, 1916.

CHARLES A. WILLIAM and ROBERT J. FOLONIE, for plaintiff in error.

EARL J. WALKER, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff while employed by defendant was injured. He brought suit for damages, and by verdict of a jury was awarded $600. Judgment was entered for that amount, which defendant asks to have reversed.

Defendant first contends that error was committed by the trial court in overruling its motion for a continuance. We cannot agree with this claim. Suit was commenced on February 6, 1914; the case was called for trial March 29, 1915. No sufficient showing was made of diligent effort to procure the absent witnesses, and no reason shown why depositions could not have been taken. We think it reasonably clear that the attorneys did nothing or very little in the matter of procuring evidence for the defense until a short time before the case was called for trial.

Does plaintiff's statement of claim state a cause of action? We think it does. The accident happened in the State of Montana, where plaintiff was working on the railroad of defendant. The action was brought under a statute of Montana, which in part provides that:

"Every person or corporation operating a railroad in this state shall be liable in damages to any person suffering injury while he is employed by such person

or corporation so operating any such railroad, * * * for such injuries * * * resulting in whole or in part from the negligence of any of the officers, agents·or employees of such person or corporation so operating such railroad in or about the handling, movement or operation of any train, engine or car on or over such railroad or by reason of any defect or inefficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.''

The statement of claim alleged the negligence of the defendant in violation of the statute, and set forth sufficient facts from which by implication it was alleged that defendant was ''operating a railroad'' and that plaintiff received injuries while he was employed by such corporation, resulting from the negligence of agents or employees of such corporation in or about. the handling, movement or operation of a car on or over such railroad; all of this is comprehended in the allegation that plaintiff, an employee, was injured while ''pushing a certain hand car over and about defendant's tracks.'' No objection was made to the statement of claim before trial, nor any objection to evidence on the ground of variance.

It is insisted that the evidence shows plaintiff was not injured through the negligence of any officers, agents or employees of defendant ''in or about the handling, movement or operation of any train, engine or car on or over such railroad.'' The evidence shows that plaintiff was employed on defendant's railroad as a section hand. On the day of the injury the foreman had the men load a push car with scrap and shovels, iron bars, etc., and on top of this the large door of a freight car was laid. This door on the top of the load was about level with plaintiff's head. Plaintiff and others then proceeded to push the loaded car along the tracks, and after going some distance the door fell off on top of plaintiff, injuring him. Does this operation

come within the statute? We hold that it does. This is in accord with the decision of the Supreme Court of the United States in *Chicago, M. & St. P. Ry. Co. v. Artery,* 137 U. S. 507. On page 515 the court says:

"The plaintiff was upon a moving car propelled by handpower. The movement of the car, its speed, the position of the plaintiff upon it, and the duties he had to discharge in that position, were under the direction of the foreman, who was upon the same car. The injury was directly connected with the use and operation of the railway, in whose common service the foreman and the plaintiff were  *  *  *. The railway was being used and operated in the movement of the hand car, quite as much as if the latter had been a train of cars drawn by a locomotive."

The statute of Iowa is similar to the Montana statute. In *Cahill v. Illinois Cent. R. Co.,* 148 Iowa 241, the court passed upon an accident similar to the one before us and, in construing the Iowa statute, said:

"It is generally held by all courts where statutes similar to our Code, section 2071, have been enacted, that the provision is intended for the benefit of those railway employees, no matter in what department of service, whose duty for the time being exposes them to the dangers and hazards peculiar to the operation of railways. And surely when a man, in pursuance of his employment, rides or pushes or manages a hand car along the rails to transport tools or material or men, his service is as certainly 'connected with the operation of a railway' as is the man who handles the throttle upon an engine which pulls or pushes a car loaded with gravel or other road building material."

To the same import, under similar facts, are the decisions in *Hardt v. Chicago, M. & St. P. Ry. Co.,* 130 Wis. 512; *Steffenson v. Chicago, M. & St. P. Ry. Co.,* 45 Minn. 355; *Rice v. Wabash R. Co.,* 92 Mo. App. 35; *Chicago, R. I. & P. Ry. Co. v. Stahley,* 62 Fed. 363.

We think it was a proper question for the jury to determine whether the conduct of the foreman in load-

ing the heavy door on top of the load of scrap was negligence. There was evidence that a strong wind was blowing at the time, and the jury might properly have considered that under such circumstances there was negligence of the foreman, either in the manner of loading the car or in failing to secure the door, or both. We see no reason to disagree with the conclusion of the jury.

It should be noted that the Montana statute which was introduced in evidence abolishes any defense in actions of this sort based upon assumption of risk, negligence of fellow-servant and, in part, contributory negligence. The provision concerning contributory negligence is: ''The fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.''

We find no reversible errors either in rulings of the court on evidence or in giving and refusing instructions.

For the reasons above indicated the judgment is affirmed.

*Affirmed.*