ALBERT N. OVERTON, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO., Respondent.

Kansas City Court of Appeals, April 3, 1905.

MASTER AND SERVANT: Fellow-Servant: Line of Duty: Removing Hat. While a section hand on a handcar is within the protection of the fellow-servant statute his negligent act to make the company liable for its injuries must pertain to the duties he is employed to perform; and the mere removing his hat and putting it on the car floor in such manner as to throw his fellow-servant from the car is not such a duty.

Appeal from Mercer Circuit Court.—*Hon. P. C Stepp, Judge.*

AFFIRMED.

*Ira B. Hyde* and *Arthur M. Hyde* for appellant.

(1) They were fellow-servants, engaged in operating the railroad, under the decision in this State, and entitled to the protection of the Fellow-Servant Act. Rice v. Railroad, 92 Mo. App. 35; Callahan v. Railroad, 170 Mo. 473.

(2) The negligent act complained of was done by Ira Laughlin in the course of his employment. This is properly alleged in the part of the petition quoted in paragraph one hereof, namely that they "were fellow-servants, both being then and there in the employ of defendant engaged in operating its railroad," etc. Garretzen v. Duenckel, 50 Mo. 104.

(3) Whether a servant was acting in the course of his employment when he committed a negligent or tortious act is a question of fact for the jury. 14 Am. and Eng. Enc. of Law, p. 809.

(4) A master is liable for the negligent or wrongful act of his servant done in the course of the servant's employment, although the act of the servant may be

without the knowledge, and contrary to the known wishes or commands of the master. Whitehead v. Railroad, 99 Mo. 263; Garretzen v. Dunckel, 50 Mo. 104; Harriman v. Stowe, 57 Mo. 93; Paint & Color Co. v. Conlon, 92 Mo. 221; Weber v. Lockman, 60 L. R. A. 313. Cosgrove v. Ogden, 10 Am. Rep. 361; Payne v. Railroad, 105 Mo. App. 155.

(5)  A railroad company is liable for the act of its engineer in negligently emitting an unnecessary amount of smoke; also for injury caused by placing torpedoes on the track and moving the engine over them for his own amusement; also for blowing off steam unnecessarily. Jenkins v. Railroad, 57 L. R. A. 309; Enting v. Railroad, 60 L. R. A. 158; Alsever v. Railroad, 56 L. R. A. 748.

(6)  The following are good definitions of negligence: Ray on Negligence of Imposed Duties (1 Ed.), p. 663; 1 Labatt on Master and Servant, 256 (1 Ed.).

*M. A. Low, Orton & Orton* and *Harber & Knight* for appellant.

(1)  The petition fails to state a cause of action.

(a)  It nowhere alleges what the duties of Ira Laughlin's employment were.

(b)  It nowhere alleges that the negligent act of said Laughlin complained of was done while performing some service for defendant in the scope of said Laughlin's employment. 13 Am. & Eng. Enc. Pl. & Pr., p. 894; Helfrich v. Williams, 84 Ind. 553; Walker v. Railway, 121 Mo. 575 and authorities there cited.

(2)  The only act done by Laughlin, complained of by plaintiff as negligent, was the act of bending over, thereby coming in contact with the car handle; the bending over was not to pump the car, or to do any act in operating the same, or for the defendant; but Laughlin bent over to lay his hat down, to render a personal service to himself, and there can be no pretense that such act was one of the duties of his employment and there was therefore no case to go to the jury.   Hartman v.

Muehlebach, 64 Mo. App. 565 (1. c. 574.); Walker v. Railroad, 121 Mo. 575; 20 Am. & Eng. Enc. Law (2d Ed.), pp. 167-168; Reibley ,v. Railroad, 94 Mo. 600; Eckhart v. Transfer Co., 2 Mo. App. 36; Snyder v. Railroad Co., 60 Mo. 413; Schmidt v. Adams, 18 Mo. App. 432; Voegell v. Marble Co., 49 Mo. App. 643; Jackson v. St. Louis, etc., 87 Mo. 430; Farber v. Railroad, 32 Mo. App. 378; Jones v. Packet Co., 43 Mo. App. 398; Stringer v. Railway, 96 Mo. 299; Meade v. Railroad, 66 Mo. App. 92; Haehl v. Railroad, 119 Mo. 339; McKeon v. Railroad, 42 Mo. 79; Cousins v. Railroad, 66 Mo. 572; Farber v. Railroad, 116 Mo. 61, 81, 1. c. 93-94 (and authorities cited).

ELLISON, J.—The plaintiff and one Laughlin were section hands on defendant's railway and were riding on a handcar on defendant's track. They were fellow-servants in the employ of defendant. Plaintiff brought this action charging, in effect, that his fellow-servant carelessly permitted himself to be struck by the handle-bar of the car, the blow of which threw him against plaintiff with such force as to knock him (plaintiff) off the car, whereby he was injured. The trial court sustained a demurrer to the evidence given in plaintiff's behalf and he has brought the case here.

The evidence controlling the case is brief. It appears that plaintiff and five or six others, including the foreman, were riding on a handcar which was propelled by the men operating the two handlebars. The plaintiff and Laughlin worked one of these bars; others, the other bar; while others merely stood on the car. They had reached the top of a considerable grade and begun to descend when they ceased to operate the bars and let the car run down the grade by force of gravity, plaintiff and Laughlin permitting one hand to rest on the bar. They were thus going with great speed, the handlebars working up and down with rapid motion, when Laughlin conceived the notion to take off his hat and put it on the

platform of the car. In taking off his hat he stooped to place it on the floor of the car. While thus bending his body he was struck by the upward movement of the bar and knocked against the plaintiff, and the latter thus thrown from the car, as already stated.

Since the taking effect of what is known as our fellow-servant statute there is no doubt of defendant's liability to the servant (speaking in general terms) for the negligence of a fellow-servant. Callahan v. Railway, 170 Mo. 473; Stubbs v. Railway, 85 Mo. App. 192. And a section hand riding on a handcar is within the protection of the statute. Rice v. Railway Co., 92 Mo. App. 35. But the negligent act of the fellow-servant must have been committed, not only while employed by the master, but the act itself must pertain to the particular duties of that employment—"must pertain to the duties which the servant was employed to perform." Walker v. Railway, 121 Mo. 575; Snyder v. Railway, 60 Mo. 415,419; Cousins v. Railway, 66 Mo. 572; Hartman v. Muehlebach, 64 Mo. App. 565.

Laughlin's negligent act in taking off his hat and stooping over the bar to put it on the floor was done while he and plaintiff were in defendant's common employment as section men; but it did not pertain to the duties of that employment. The car was not moving from any effort of the men and there is no pretense that plaintiff or Laughlin were engaged in propelling it. The only duty either was performing was the simple one of standing on and remaining with the car. Laughlin might have concluded to put his hand in his pocket for a chew of tobacco, or as a result of a mere personal desire or whim on his part and the necessary crook of his arm in that effort might have toppled plaintiff off the car. Taking off his hat and putting it on the car floor was as much removed from the performance of any duty to defendant as either of these suggestions. It was an act resulting from the mere notion of Laughlin that he would remove his hat and had no possible connection

with the duties he was employed to perform for defend-
ant. If it had such connection a different question
would be presented.

In the Cousins case, supra, the Supreme Court gives
this illustration of what we have stated, quite applicable
here: "If an engineer while running a train should
shoot an unoffending man upon the roadside, the injury
would be inflicted while the engineer was engaged in
serving his master, but the act causing the injury would
have no connection with that service, and could not be
considered as done in the course of the servant's employ-
ment."

The case is in no respect like that of Rice v. Rail-
way, supra. The judgment is affirmed. All concur.