LILLIAN A. RAWSON, Respondent, v. THE KANSAS CITY ELEVATED RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. PASSENGER CARRIERS: Negligence: Pleading: Facts: Presumption. A petition averred the relation of passenger and carrier and stated that plaintiff was hurt by the closing of certain doors without alleging any negligence. *Held*, the pleading was insufficient since the liability of the carrier to the injured passenger is based on the former's negligence; and a petition cannot leave it problematical whether there was negligence or not, though at the trial the evidence of the facts pleaded would raise the presumption of negligence.

2. ———: ———: ———: ———. The presumption of neg-
ligence drawn from an injury to a passenger is an argumenta-
tive one, or rather an inference and not a presumption proper
and the negligence should be averred, since it is not good plead-
ing to allege evidence of a fact instead of the fact itself. [Ham-
ilton v. Railway, 114 Mo. 504, 509, applied.]

Appeal from Jackson Circuit Court.—*Hon. Jackson L.
Smith*, Special Judge.

REVERSED AND REMANDED.

*Henry S. Conrad* and *John H. Lucas* for appellant.

(1)   Plaintiff's petition does not state a cause of
action.   There is no allegation of negligence.   Gray v.
Hornbeck, 31 Mo. 399; Dyer v. Railroad, 34 Mo. 127;
Brown v. Railway, 33 Mo. 309; Loehring v. Construc-
tion Co., 118 Mo. App. 163; Shaw v. Goldman, 116 Mo.
App. 332.

*Lathrop, Morrow, Fox & Moore* and *Cyrus Crane*
for respondent.

(1)   Plaintiff's petition states a cause of action
and is perfectly good in a passenger case.   3 Thompson
on Negligence (2 Ed.), sec. 2574; Feary v. Railroad,
162 Mo. 75; Allen v. Traction Co., 181 Mo. 435; Heyde
v. Transit Co., 102 Mo. App. 541; Bell v. Railway, 103
S. W. 146; Orcutt v. Building Co. (Mo.), 99 S. W.
1065. (2) An injured passenger may plead in two ways;
(a)   That he was injured while being carried as a
passenger, as a result of the negligence of the carrier,
without specifying what such negligence was.   (b)   He
may set out the exact facts, the specific acts or
the occurrence itself, and, if these show that he
was injured while being carried as a passenger, by rea-
son of some action of the carrier's appliances, such as
a wreck or collision or a breakdown, or improper use
of appliances controlled by the carrier and used in
connection with the carrying and discharging of its
passengers, then these facts themselves bespeak negli-

gence. Hamilton v. Railway, 114 Mo. App. 508; Feary
v. Railway, 162 Mo. 75. (3) In this case the facts
alleged in plaintiff's petition carried the implication of
negligence on defendant's part. The jury found, under
careful instructions, that such negligence actually ex-
isted. The whole matter, then, is put at rest by the
verdict in plaintiff's favor. Buck v. Railway, 46 Mo.
App. 562; Rogers v. Insurance Co., 93 Mo. App. 28;
Haggerty v. Railway, 100 Mo. App. 440; Thomasson v.
Insurance Co., 114 Mo. App. 109; Scannell v. Transit
Co., 103 Mo. App. 513; Bank v. Leyser, 116 Mo. 73;
Bank v. Scalzo, 127 Mo. 189; Bowie v. Kansas City,
51 Mo. 461.

ELLISON, J.—Plaintiff was a passenger on one of
defendant's street cars and was injured. She brought
this action for damages alleged to have resulted on
account of such injury and recovered in the trial court.
The defendant makes the point that a cause of action
is not stated in the petition, in that it does not charge
that the occurrence which hurt the plaintiff was
brought about through defendant's fault, or by its neg-
ligence. That part of the petition necessary to notice
is as follows:

"Plaintiff states that she left the car on which she
was a passenger, as aforesaid, at Ninth and Mulberry
streets, at the station above mentioned, and that the
doors thereof were opened in the usual manner, and
plaintiff attempted to pass through the same; that as
she was so passing through, said doors, without notice
or warning to plaintiff, suddenly closed and plaintiff
was crushed between the same; that as a result of being
so crushed between said doors plaintiff was seriously
bruised and injured about her back, sides and head, her
spine was bruised and injured, and her whole nervous
system was severely shocked and injured," etc.

Plaintiff insists that in an action by a passenger

against a carrier, it is not necessary to plead that the occurrence was occasioned by the negligence of the carrier. That when an injury is inflicted while that relation exists, the law raises the presumption of negligence. In illustration and enforcement of her point she cites many authorities, especially a recent case in this court of Hamilton v. Railway, 123 Mo. App. 619.

There are cases that sanction a pleading which omits to charge negligence in direct terms, but which state facts which, on their face disclose the negligence. Thus if it were alleged that the driver of a street car started the car at rapid speed down a street crowded with people and while thus speeding, fell asleep, or turned his back and entered into conversation with a passenger, when an injury resulted, the facts stated are an absolute recitation of negligence and have been held to excuse the formal statement. We think no more than this was meant by the St. Louis Court of Appeals in Keeton v. Railway, 116 Mo. App. 281. It is true that Judge GOODE uses the word "presumption" in stating that there was "authority for the proposition that where the acts alleged warrant the presumption of a negligent breach of duty, it is unnecessary to charge formally that they were negligently done." But the word was there used more in the sense of an inevitable or conclusive presumption, than otherwise. The case was where the allegation was of facts which, on their face disclosed negligence, viz: the sudden starting of a street car knowing that a woman, carrying a child, was in the act of mounting the car step in an effort to get aboard. The ruling made in that case was that the petition stated enough to be amendable by interlining the word "negligently."

There is also a class of cases where it is said to be sufficient to allege facts from which the law will raise an inference of negligence. Thus if a railway company fails to fence its road where required and an animal is killed, the law fixes the liability. It is ruled in Dyer v.

Railway, 34 Mo. 127, a case for killing a steer where the road was not fenced, that the injury must be stated to have been committed negligently, *or* "facts averred from which the law raises the inference of negligence," thus inferentially holding that if the latter was alleged the pleading would be good. But the court is there speaking of an inference or presumption made conclusive by statute. Later cases do not put the liability on the ground of negligence, but rather on the failure to perform a statutory duty for which the statute fixes the penalty.

But we have not been cited to a case holding the petition to be sufficient where the facts constituting the culpability of the carrier are pleaded without a charge of negligence and which on their face do not constitute or amount to negligence, by force of the statute or general law as just explained. An act which does not show for itself that it is a negligent act ought to be alleged to be negligent. It is, however, a part of plaintiff's insistence that the petition, though omitting to charge negligence in terms, does state facts which on their face constitute negligence, which, it is claimed, will suffice. Her idea is this: that the petition alleges the relation of carrier and passenger and her injury during that relation, that therefrom the law raises a presumption of negligence; that thereby she has alleged the facts which of themselves constitute negligence, and therefore negligence need not be charged in direct terms. We do not think the position is sound. Conceding that facts are alleged from which a presumption of negligence arises, yet that amounts to no more than alleging acts which may, *or may not* be negligence. It is an allegation by plaintiff that the act was negligent unless for some reason in the carrier's knowledge, it may be shown not to be. It is not an affirmative allegation of a fact, but rather it is only an allegation of matter upon which one can base a presumption. The difference is wide and

substantial. If it is affirmatively alleged that an act was negligently done or omitted, no explanation can be given. It cannot be confessed and avoided. It can only be shown to be untrue. But if the act alleged is such as only raises a presumption of negligence, it may be admitted and yet explained. In an action by a passenger, the basis of the action is the negligence of the carrier, and it seems clear that a statement of the case in pleading which, on its face, leaves it problematical whether there was negligence, is radically defective. What allegation have we in the present instance? It is no more than that the doors of the waiting room suddenly closed. They may have been closed in numberless ways for which no blame could attach. In proof the carrier would be required to show this lack of blame, but in pleading, the complainant should exclude the innocence of the carrier.

As just stated, the basis of the action is negligence, and while the complaining passenger may rely upon the presumption of fact which the law brings to his aid for the purposes of evidence, he cannot stand alone on such presumption in stating what his case is. It is said in Volume 1, page 221, Chitty's Pleadings that "When the law presumes a fact it should not be stated." Thus, as illustrated in Bliss Code Pleading, Section 175, the law presumes every man innocent of crime or of fraud, and this need not be stated by the pleader in exculpation of himself. But that is where the presumption is what is known as a presumption of law pure and simple as distinguished from a presumption of fact or mixed presumption of law and fact, or what may perhaps be more properly termed an inference. Thus the happening of a wreck to a carrier's car does not directly prove negligence, but a wreck to a properly equipped and conducted car is so uncommon that when the wreck is proven the law will raise a presumption that there was negligence in its construction or operation. So it is stated, that the presumption of negligence drawn from

the injury is an argumentative one; is an inference and
not a presumption proper, and that the pleader should
therefore allege the negligence. [Bliss, Code Plead.,
sec. 175a.]

If the wreck *ipso facto* carried liability, then a mere
allegation of the wreck without charging negligence
would be good pleading. But the wreck is merely an
evidential fact from which another fact may be inferred
or presumed, and it is the latter fact (negligence) which
is the gist of the action and which fixes liability. It is
true this presumption or inference may become conclu-
sive by lack of explanation from the carrier, but it does
not lose its character of evidence; and while in such
situation a court might, perhaps, declare it to be conclu-
sive to the jury, yet that is no more than can be done in
many instances where evidence stands uncontradicted.

The case of Gulick v. Loder, 13 N. J. L. 68, 72-75,
is strongly illustrative of our view as herein expressed.
The question concerned a judgment said to have been
paid. The evidence of payment was lapse of time (twen-
ty years) from which the law presumed payment. The
question was whether the pleading should allege that it
was paid, or would it suffice merely to allege the lapse
of time from which payment is presumed. It was held
that payment should be alleged and that the lapse of
time was merely the evidence of payment and not the
fact itself. The opinion states some distinctions as to
different kinds of presumptions which we have not stop-
ped to compare with the view taken in this state as to
such distinctions; and that is not necessary to the force
of the case in applicability to the question under discus-
sion. The point in that case, as in this, is that it is not
good pleading to allege evidence of the fact, instead of
the fact itself.

While we have not been cited to a direct adjudica-
tion of the point by our supreme court yet there would
seem to be no doubt of their views; for the rule is stated

in Allen v. Transit Company, 183 Mo. 411, 433, that "If facts are alleged from which the law will draw a presumption of negligence on the part of the carrier, it is sufficient to follow the allegation of such facts with a charge of negligence in general terms." And in McCarty v. Rood Hotel Co., 144 Mo. 397, it is laid down that the act relied upon as negligence must be charged to be a negligent act. Counsel are mistaken in what was written by Judge Johnson in Hamilton v. Railway, 114 Mo. App. 504, 509. It is not stated in that case that it is sufficient, simply to state the relation of carrier and passenger and the injury, there is added to that statement words which are the very point in controversy here, viz: "As a result of the negligence of the carrier."

Plaintiff's petition may be amended. The judgment is reversed and cause remanded. All concur.