BIAGO GIATIO, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

MASTER AND SERVANT: Negligence: Contributory Negligence: Hurry Orders: Demurrer to Evidence. *Held*, the general hurry up orders by a foreman to a gang of men unloading ties from a car, do not support an allegation that such orders were directed to two co-employees after a fellow-servant had assumed a dangerous position; and, *held*, further, plaintiff cannot maintain his action because there was no order given after plaintiff assumed his position, and on the evidence he was guilty of contributory negligence in assuming the position.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

REVERSED.

*I. P. Dana, R. J. Ingraham* and *Hunt C. Moore* for appellant.

(1)     Defendant's demurrer to the evidence should have been sustained at the close of plaintiff's case. Spiro v. Railroad, 102 Mo. App. 261; McCarty v. Hotel Co., 144 Mo. 397; Moore v. Railroad, 28 Mo. App. 622; Zurfluth v. Railroad, 46 Mo. App. 636; Hamilton v. Railroad, 144 Mo. App. 504; McGrath v. Railroad, 197 Mo. 105; Orcutt v. Building Co., 201 Mo. 443, and cases cited; Roscoe v. Railroad, 202 Mo. 588.

(2)     The testimony showed that plaintiff's injuries were due to his own carelessness.     McGahan v. Railroad, 201 Mo. 506; Porter v. Railroad, 199 Mo. 82; McCarty v. Hotel Co., 144 Mo. 397; Junior v. Electric Co., 127 Mo. 79; Roberts v. Telephone Co., 166 Mo. 370.

*W. L. McSpadden* and *James T. Burney & Son* for respondent.

(1)     There was evidence to justify the giving of plaintiff's instruction number 1, and the finding and verdict of the jury was based upon the evidence.     (2) In determining the propriety of a peremptory instruction, such as defendant here contends should have been given, the court should take the most favorable view of the plaintiff's case which is warranted by the evidence, and every reasonable inference therefrom. Phelan v. Paving Co., 115 Mo. App. 423; Deitring v. Transit Co., 109 Mo. App. 524; Green v. Railroad, 122 Mo. 647.     (3) The contention of the appellant that the plaintiff was guilty of contributory negligence need not be discussed at any length.     There was evidence upon the part of defendant tending to show carelessness on plaintiff's part, but the evidence of the plaintiff and his witnesses was to the contrary.     Hunt v. Ancient Order of Pyramid, 105 Mo. App. 41.

ELLISON, J.—Plaintiff suffered personal injury while engaged as a laborer for defendant. He charges the injury to have been caused by defendant's other employees and brought this action for damages. He recovered in the trial court.

It appears that plaintiff and a number of others were in charge of a foreman and were engaged in unloading ties from a car onto the ground beside the track and had been so engaged for several days. Four of the men were on the car. Two would lay hold of a tie, one at each end, and carry it to the side of the car and then throw it off. Then as they stepped back the other two would come forward with a tie. The other employees, including plaintiff, were on the ground to place the ties in position—that is, to straighten those that were not lying parallel with the track and to see that none got onto the track. This was done by one of those on the ground signalling those on the car to stop throwing while he went up close to the car and straightened the tie.

The petition charged that in the instance of plaintiff's injury, he noticed a tie out of position and signalled and called to those throwing them off to stop until he could straighten it with the others. That he approached the car and was in the act of putting the tie in proper place, when, upon his taking hold of the end of it, the foreman ordered the men on the car to hurry up and empty the car, when by reason of such order the men negligently threw a tie which struck and injured plaintiff. We quote the charge as made, viz: "That on the date aforesaid, to-wit: October 14, A. D. 1904, while the plaintiff was in the due discharge of his duties, after having given the usual and customary notice by calling out and signalling to the employees aforesaid working on the cars throwing down ties therefrom, so that said employees knew, or by the exercise of ordinary care might have known, that plaintiff was

approaching near the car to take hold of and remove another tie, and while in the exercise of due care, plaintiff stepped near the car where he and his co-employees were at work as aforesaid, and took hold of a tie and began lifting and removing it when defendant's servants aforesaid, who were on said car throwing ties down therefrom, were ordered by the foreman of said servants and workmen (the name of said foreman to this plaintiff being unknown) aforesaid, to hurry up and empty the car, and thereupon by reason of said order, and without warning to plaintiff, negligently and carelessly threw down a tie, which struck plaintiff's hip and leg, mangling, bruising and lacerating the flesh and ligaments thereof and dislocating the bones of the leg, ankle and foot of plaintiff."

It is clear that the petition charges the order of the foreman to have been given *after* plaintiff got into the dangerous place. The servants throwing the ties were ordered by the foreman to hurry up "when" plaintiff "took hold of the tie and began lifting it and removing it." There was no evidence to sustain such charge. On the contrary the evidence disproved it. There was evidence tending to show that the foreman, in a general way, during the unloading "was always telling them to hurry up," and that he addressed this "to the whole crew of us there." But that he gave an order to these men who threw the tie, after plaintiff had signalled and come forward and had taken hold of the tie, is nowhere suggested. Orders addressed to the men generally to hurry up with their work in unloading the car are so entirely different from a special order to two men, *after* another had come into a dangerous position, as not to need any more than a mere statement to show the distinction between them. Besides this, the evidence showed that at the particular moment of plaintiff going in and taking hold of the tie, the foreman did not give any order.

The record discloses another reason why plaintiff cannot recover. He says that when he started in to put the tie in position he signalled to stop throwing and that the men at his end of the car did stop; but the other two, at the other end, came forward and threw the tie which hurt him. It seems to be clear that the most ordinary caution would have suggested to him to know that the others had seen or heard his signal. If the accident happened as he has portrayed it, he was grossly careless, or else utterly indifferent to consequences.

The defendant's demurrer to the evidence should have been sustained. The judgment is reversed. All concur.