PHILIP PRASH, Respondent, v. WABASH RAIL-ROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 21, 1910.

1. RAILROADS: Section men: Fellow-Servants. Section men employed in removing bolts from the rails in a railway track are engaged in operating a railway in the sense of the statute as to fellow-servants.

2. ———: ———: ———: Warning. Where a servant is sent by the foreman to assist his fellow-servant in some work in which he would need a tool which was lying within the danger line of such fellow-servant's work, and he requested such fellow-servant to cease the work while he got the tool, and the fellow-servant did cease. Held, that the servant had a right to assume that the other heard him.

3. ———: Negligence: Instructions: Assumption. It is not reversible error, and it is not properly an assumption of fact, for an instruction to omit to characterize an act as negligence, if the act submitted to the jury to pass upon is a negligent act as a matter of law.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

Prash v. Railroad.

*J. L. Minnis* and *Guthrie & Franklin* for appellant.

(1) Defendant's demurrer to plaintiff's evidence should have been sustained. At most the injury to plaintiff was an accident. Giatio v. Railroad, 132 Mo. App. 363; Force v. Railroad, 114 Mo. App. 551; Wendall v. Railroad, 100 Mo. App. 556; Jones v. Cooperage Co., 134 Mo. App. 324; Saxton v. Railroad, 98 Mo. App. 494. Defendant's fourth refused instruction should have been given. (2) Plaintiff assumed the risk of danger resulting from the usual and customary manner of doing and performing the work in question. Minnier v. Railroad, 167 Mo. 99; Labatt on Master and Servant, sec. 649; Roberts v. Tel. Co., 166 Mo. 370; Cordage Co. v. Miller, 126 Fed. Rep. 495; Lee v. Railroad, 112 Mo. App. 372; Bradley v. Railroad, 138 Mo. 293; Beasley v. Transfer Co., 148 Mo. 413. The risk was as well known and obvious to plaintiff as to defendant. Jones v. Cooperage Co., 134 Mo. 324. (3) Where a person having two ways, one of which is safe and the other dangerous, in which to perform his work, and he chooses the latter he cannot recover. Moore v. Railroad, 146 Mo. 573; Hurst v. Railroad, 163 Mo. 309; Whaley v. Coleman, 113 Mo. App. 594; Morris v. Railroad, 108 Fed. 747. (4) Plaintiff not only failed to prove negligence on the part of defendant, but the evidence shows that plaintiff was guilty of negligence in placing himself in a position of peril and thereby contributing to his own injury. Caldwell v. Railroad, 181 Mo. 455; Fore v. Railroad, 114 Mo. App. 551.

*John T. Barker* for respondent.

(1) Defendant railroad is liable for an injury to one servant caused by the negligence of another while working upon the railroad. Callahan v. Railroad, 170 Mo. 496; Orendorff v. Railroad, 116 Mo. App. 348;

Stubbs v. Railroad, 85 Mo. App. 192. (2) There is no assumption of risk in this case because plaintiff had a right to rely upon the fact that his position was safe, as his fellow-servant had ceased striking as he was requested and there was no danger as long as this fellow-servant was not striking. Cambron v. Railroad, 165 Mo. 543; Richardson v. Railroad, 223 Mo. 325; Dunphy v. Stock Yards, 118 Mo. App. 520. (3) Neither is this a case where a servant had two ways of performing a duty and chose the wrong way, because in this case plaintiff had warned defendant's servant of what he was going to do, and requested said servant to refrain from striking and said servant did so refrain, and the injury could not have happened had said servant not suddenly struck and injured plaintiff. Richardson v. Railroad, 223 Mo. 325. (4) The instructions are much more fair to defendant than to plaintiff and if defendant wanted the terms "fellow-servant" and "negligence" defined, it should have asked an instruction to that effect. Nugent v. Packing Co., 208 Mo. 480; Hooper v. Railroad, 125 Mo. App. 329; Wahl v. Transit Co., 203 Mo. 261. (5) This case was fairly tried and the verdict for the right party and should not be disturbed. Where apparent justice has been done, appellate courts will not interfere. Eisinger v. Stanton, 120 Mo. App. 403; Atkins v. Grain Co., 130 Mo. App. 547; Huff v. Railroad, 213 Mo. 495; Steel v. Darner, 124 Mo. App. 338; Hess v. Railroad, 127 Mo. App. 304; Revised Statutes of Mo. 1899, sec. 865. (6) Plaintiff's instructions do not assume negligence. They carefully follow the rule in this state and when read together declare the law. Harrod v. Packing Co., 125 Mo. App. 357; Jaffi v. Railroad, 205 Mo. 450; Kimlen v. Railroad, 216 Mo. 145; Brady v. Railroad, 206 Mo. 509.

ELLISON, J.—Plaintiff was an employee of defendant as one of its section men and while engaged in the work was injured by the act of a servant engaged

in the same service. The judgment in the trial court was for the plaintiff.

It appears that the section men (except plaintiff) under the direction of a foreman were engaged in removing "angle bars" or "fish plates" from the sides of the rails composing defendant's railroad track. These plates held the rails, or were fastened onto the rails by bolts and nuts. The plates were removed in two ways—one, by knocking off the end of the bolt which had the nut on it, with a large hammer; the other, by using a chisel and hammer, so as to cut off or split the nut, and drive the bolt out.

Plaintiff was engaged at work on a gate nearby on the right of way, while Thomas, a fellow workman, was trying to knock off the end of a bolt with a hammer. He had struck it several times without breaking it. The foreman directed plaintiff to go to his assistance. Plaintiff started to do so. There was a handcar a few feet further along, in the direction Thomas was striking, which had some tools the men used, among others, a chisel. Plaintiff, intending to get the chisel, passed by Thomas and asked him to cease striking until he could get it from the car. Thomas did so and plaintiff passed by him onto the car, got the chisel, and had faced around to return to Thomas, when the latter, for some reason, again struck the bolt and nut, knocking it off in the direction of plaintiff and striking him in the face with great force and inflicting painful and permanent injury.

There is no question that if Thomas was guilty of negligence in striking the bolt at the time he did, and plaintiff was not guilty of contributory negligence, the defendant is liable for the injury; for, in this state, a railway corporation master is liable for the negligence of a fellow-servant while engaged in service like that in this case. [Callahan v. Ry. Co., 170 Mo. 473, 482; Stubbs v. Ry. Co., 85 Mo. App. 192; Orendorff v. Railway Co., 116 Mo. App. 348.]

Prash v. Railroad.

It seems clear to us, from the standpoint of the evidence in plaintiff's behalf, that Thomas was inexcusably negligent and that plaintiff was without blame. Thomas, as just stated, was striking with the hammer in a direction that would knock the bolt, if it came off, towards the car and plaintiff asked him to cease striking while he went to the car for the chisel. But defendant suggests, citing Giatio v. Ry. Co., 132 Mo. App. 363, that Thomas was somewhat deaf and perhaps did not hear plaintiff's request, and that it was negligence in plaintiff to go to the car without knowing Thomas heard him. But plaintiff testified that Thomas ceased to strike when the request was made, which is, of course, evidence that he did hear him, and makes the case more like that of Miller v. Walsh, 145 Mo. App. 131, 129 S. W. Rep. 458. And it likewise shows that plaintiff could reasonably think there was no danger in going to the car. He further said that he did not then think that he would have been hurt even if Thomas had continued to strike. But he evidently thought it better and safer that Thomas should not continue, else he would not have made the request of him.

Defendant suggests that it was not an act of culpable negligence for the reason that bolts had been theretofore knocked off in that way with safety, and that Thomas should not be held reasonably to expect the bolt would fly off with such force and that its direction would be towards the plaintiff. We reject the suggestion. It seems to us too plain for difference of opinion that any reasonable man would know that striking with a heavy hammer the nut end of a bolt, bolted into solid iron, would, if broken at all, drive the broken piece with great force in the direction of the stroke.

There is but one point made against the judgment which we think presents any serious question, and that is that the second instruction for plaintiff assumes that Thomas' act was negligence. We have, however, concluded that the objection is not well taken. The in-

struction does not use the word negligence, or negligent. But it submits a series of palpably negligent acts, acts which would be negligence as a matter of law, and directs that if the jury believe these were committed by Thomas, then the finding should be for the plaintiff. In such an instruction the omission of the word "negligence" is not reversible error.

It has been held that a petition which charges acts which constitute negligence, is as good pleading, though it fails to characterize them as being negligently committed. [Rawson v. Ry. Co., 129 Mo. App. 613, 616.]

There are other suggestions made by defendant against the judgment which an examination shows to be untenable. We find no reason for disturbing the result and the judgment will therefore be affirmed. All concur.