EVERET SALMON, Respondent, v. THE CHICAGO & ALTON RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, July 6, 1914.

1. NEGLIGENCE: Railroads: Personal Injuries: Pleading Specific Negligence. Where the petition pleaded that a particular servant of defendant did the negligent act causing the injury the proof must show that the specific person charged did the act and that it was done negligently. Evidence examined and held that this was done.

2. INSTRUCTIONS: Must Require the Jury to Find the Negligence Specified in the Petition. Where the petition alleged that the negligent act was done by a specific individual out of a number of employees in a car, an instruction was not happily worded which told the jury that if they found "that some other employee" of defendant did the act plaintiff could recover. But inasmuch as plaintiff testified that the employee specified in the petition did the alleged negligent act and another witness said "some one" in the car did it, but did not say who, and there was no testimony that anyone else did it except the man plaintiff pleaded and testified that he did, the instruction was not error. Under the circumstances, the phrase "other employee" meant other than plaintiff and not other than the employee pleaded.

3. ———: Permanent Injuries and Expense of Medical Attention. Where the petition did not allege the injuries were permanent and the evidence did not show that they were, and there was no evidence as to the amount of plaintiff's medical expense, it is error to give an instruction telling the jury to include those items in the measure of plaintiff's damages.

4. ———: ———: Fellow Servant Acting in Scope of Duty: Question for Jury. To render a railroad liable for the negligent act of a fellow servant, the act must be within the scope of the duties he is required to perform, and that they were

engaged in the work of operating a railroad within the meaning of our fellow servant statutes. But the question of whether a servant is acting in the scope of his duty when he does an alleged tortious act is for the jury where more than one inference in that regard can be drawn from the facts.

Appeal from Callaway Circuit Court.—*Hon. D. H. Harris*, Judge.

REVERSED AND REMANDED.

*T. A. Boulware* and *Scarritt, Scarritt, Jones & Miller* for appellant

(1) The court erred in refusing defendant's peremptory instruction. Galm v. Railroad, 113 Mo. App. 591; Overton v. Railroad, 111 Mo. App. 613. (2) Error in plaintiff's instruction No. 1. Politowitz v. Telephone Co., 115 Mo. App. 57; Logan v. Railway, 183 Mo. 582; Caffery v. Coal Co., 95 Mo. App. 174. (3) Error in measure of damage instruction. Steinman v. Transit Co., 116 Mo. App. 673; Prendenville v. Transit Co., 128 Mo. App. 596; Duke v. Railroad, 99 Mo. 347; Madden v. Railroad, 50 Mo. 682.

*Cave & Eversole* and *Chas. M. Hay* for respondent.

(1) The court properly overruled defendant's peremptory instruction. Camp v. Railroad Co., 94 Mo. App. 272; Bowen v. Railway Co., 118 Mo. 541; Hance v. Railway Co., 56 Mo. App. 476; Callahan v. Railway Co., 170 Mo. 495. (2) Plaintiff's instructions Nos. 1 and 4, although not correctly phrased, afford no grounds for reversible error. Barry v. Railway Co., 98 Mo. 62; Williams v. Mitchell, 112 Mo. 300; Brown v. Railway Co., 20 Mo. App. 427; Bassett v. Glover, 31 Mo. App. 161; Walter v. Cathcart, 18 Mo. 256. (3) Plaintiff's instruction No. 2, defining the measure of damages, does not contain reversible error. Abbitt v.

Transit Co., 104 Mo. App. 534; Sherwood v. Railway Co., 132 Mo. 345. (4) The judgment is not excessive. Norton v. Kramer, 180 Mo. 536; Franklin v. Fisher, 51 Mo. App. 345; Wills v. Railway Co., 44 Mo. App. 51.

TRIMBLE, J.—Suit to recover damages for personal injuries alleged to have been sustained while plaintiff, in the employ of defendant, was engaged in loading railroad ties into a freight car.

Two boards, about three feet apart and sixteen feet in length, extended from the ground to the brace-rod underneath the car at the door thereof. This brace-rod was about two feet from the ground and two feet from the car doorsill. A tie would be taken from the pile on the ground by two men, one at each end, and with the tie on their shoulders, they would walk up the right hand plank to the car door. Men in the car would there take the tie from their shoulders and pile it back in the car, and the two men would thereupon descend to the ground on the left plank. In this way a file of men, two by two, each two carrying a tie which weighed in the neighborhood of 180 pounds, would march in a continuous circuit up the right plank, there be relieved of their burden, and march down over the left plank. There were five men in the car to take the ties from the shoulders of the men as they came up to the door. The two men carrying a tie up to the car door, immediately preceding plaintiff and his partner, laid their tie in the doorway for some reason, presumably because no one of the men in the car was there to take it from their shoulders. Some one in the car, referring to the tie laid in the doorway, said "throw it out." Thereupon one of the men in the car shoved it out and it fell upon the left hand plank and, rebounding in some way, struck and tilted the right hand plank just as plaintiff and his co-tie-carrier, Ed Bean, (the latter in front), came up the plank with a tie on

their shoulders. It had been raining and the ties as well as the plank were slippery. The tilting of the plank caused the two men to fall off, Bean alighting on his feet. But plaintiff, being over balanced, fell to the ground and the tie fell on him bruising and injuring his shoulder.

The petition alleged that a particular individual, Arlie Wilkerson one of the employees in the car ''while performing the duties of his employment in loading said car . . . did negligently, carelessly, and un- skillfully perform the duties of his said employment in this, to-wit. That said Arlie Wilkerson pushed a tie from the door of the freight-car to the ground . . . thereby overturning said planks, and throwing plaintiff to the ground'' etc.; that ''by reason of the negligence, carelessness and unskillfullness aforesaid *of the said employee of defendant Arlie Wilkerson,* while in the performance of his duties, the plaintiff was severely wounded,'' etc.

It will be noticed that the petition charges a spe- cific individual, Arlie Wilkerson, with the negligence alleged. No other employee in the car was charged therewith. It is urged, therefore, by defendant that there was no evidence to show that Arlie Wilkerson *negligently* pushed the tie out, and as plaintiff has al- leged the specific negligence of Wilkerson, he cannot show that someone else pushed the tie out but must prove that Wilkerson did it and did it negligently.

It is true plaintiff does not himself state facts showing the *negligent* pushing of the tie out. He swore that Wilkerson pushed it out, but how, why, or under what circumstances, whether by accident or otherwise, he does not say. If this were all the testimony in the case, we would perhaps say there was no showing of negligence since Wilkerson might have caused the tie to fall out and yet have been wholly without fault. But there was other testimony in the case showing, or

tending to show, or reasonably carrying the inference, that Wilkerson did it carelessly. The witness Boyd testified that the tie was lying in the door and "some man in the car hollered 'throw it out' and some one shot it out through the door" causing the injury. The plaintiff having testified that Wilkerson threw it out, and Boyd having thus testified to facts showing that it was *intentionally* thrown out without a due and proper regard for the safety of the men carrying ties up the plank, this was amply sufficient to justify the jury in finding that Wilkerson *negligently* threw it out. It cannot be successfully contended that because Boyd said "someone" in the car threw it out and did not say Wilkerson did it, there was no proof that Wilkerson did it negligently as specifically alleged in the petition. Boyd did not say someone in the car other than Wilkerson did it. He did not say who threw it out. He merely testified to facts showing that "someone" negligently threw it out and plaintiff said that that someone was Wilkerson. The two witnesses therefore furnished evidence necessary to support the allegation specifically charging Wilkerson with the negligent act. If there was evidence to show that some other man threw it out, defendant's objection might prevail, but there was no such evidence.

For this reason plaintiff's instruction No. 1 was not erroneous because it told the jury that if they found "that *some other employee* of defendant while acting in the scope of his employment in loading ties" pushed the tie out the door, etc., instead of requiring the jury to find that Arlie Wilkerson, the particular employee alleged in the petition, did it. The words "some other employee" were not happily chosen since they might refer to any man in the car, but under the evidence and in the connection in which the words were used they meant some employee other than plaintiff, not other than Wilkerson. And in view of the fact that the evidence showed that Wilkerson did it, and

there was no evidence tending to show that anyone else in the car did it, there is no ground for the view that perhaps the jury found that some man other than Wilkerson threw the tie out, or that the instruction authorized the jury to find for plaintiff if any man in the car threw it out.

It is quite true that the negligent act of a fellow servant must, to render the employer railroad liable, pertain to the duties he is employed to perform. [Overton v. Chicago, etc. Ry. Co., 111 Mo. App. 613.] But the question of whether a servant is acting in the scope of his duty when he does an alleged tortious act is for the jury where more than one inference can be drawn from the facts. [20 Am. & Eng. Ency. of Law, 162.] Clearly the evidence would support an inference that the throwing of the tie out the door was within the scope of the work. It was lying in the doorway, presumably in the workmen's way. For this reason they ordered it thrown out so that they could take the ties from the shoulders of the men as they came up the plank in rapid and chain-like succession. For the men in the car to cease taking ties from the shoulders of the tie-carriers in order to pick up and pile in place the tie lying in the doorway, would be to stop the entire chain of men carrying ties and cause them to hold the ties on their shoulders while standing on the incline until the tie in the doorway could be removed. To avoid this, they preferred to shove the tie out the door and allow the work to go on without interruption. The jury could readily infer that this was the reason it was thrown out. It is true Boyd says the men "seemed to be having a right smart of fun" but he nowhere says, nor does the evidence show, that the throwing of the tie out the door was in a mere spirit of fun entirely unconnected with the work in hand. The question of whether the act was within the scope of the work was submitted to the jury in the instructions, and they found that it was.

The petition stated facts from which the legal conclusion followed that plaintiff and Arlie Wilkerson were employees of defendant and were fellow servants engaged in the work of operating a railroad within the meaning of our fellow servant statutes, sections 5434 and 5436, R. S. Mo. 1909. [Orendorff v. Terminal Railroad Assn., 116 Mo. App. 348; Callahan v. St. Louis Merchants Bridge, etc., R. Co., 170 Mo. 473, l. c. 495.]

Plaintiff's instruction told the jury that in estimating plaintiff's damages they could take into consideration whether his injuries were permanent in character and the necessary expenses incurred in securing medical attention. There was no allegation in the petition that the injuries were permanent. The allegation relied upon is not tantamount to a statement that the injuries are permanent. The issue was, therefore, outside the petition. Neither was there any evidence showing permanent injuries. The instruction was, therefore, erroneous. [Steinmaun v. St. Louis Transit Co., 116 Mo. App. 673; Prendenville v. St. Louis Transit Co., 128 Mo. App. 596.] It was also erroneous because there was no evidence as to what were his expenses for medical attention. [Duke v. Mo. Pac. Ry. Co., 99 Mo. 347; Madden v. Mo. Pacific Ry. Co., 50 Mo. App. 666, l. c. 682.] The evidence in the case is not such as to justify us in holding that the error in the instruction was harmless as was done in the case of Abbitt v. St. Louis Transit Co., 104 Mo. App. 534 and Sherwood v. Grand Ave. Ry. Co., 132 Mo. 339. Under the evidence it is not at all sure that the jury did not include an allowance for medical expense as well as took into consideration that perhaps the injury in some degree might be permanent. Under the facts it is not possible to say what the jury considered in making its verdict. For the giving of this erroneous instruction, therefore, the judgment must be reversed and the cause remanded. So ordered. All concur.