HENRY W. SARTAIN, Respondent, v. JEFFER-
SON CITY TRANSIT COMPANY, Appellant.

**Kansas City Court of Appeals, November 2, 1914.**

NEGLIGENCE: Railroads: Statute: Unloading Ties: Fellow
   Servant. A railway. company was extending its roadbed and
   track from its then present terminus. One of its employees with
   his team was hauling ties for such extension and while un-
   loading them from his wagon onto the roadbed his foot was
   mashed through the .negligence of a fellow servant assisting
   him in unloading. *Held*, that in the sense of the statute, he
   was engaged in work in operating a railroad and that the rail-
   way company was liable for his injury.

·Appeal from Cole Circuit Court.—*Hon. J. G. Slate,*
                        Judge. ·

AFFIRMED.

   *Irwin & Peters* for appellant.

   *Hazel & Lay* for respondent. ·

   ELLISON, P. J.—Defendant is a railway com-
pany and was engaged in an extension of its line
from the then present terminus. Plaintiff was en-
gaged in its service in hauling ties and unloading
them off his wagon onto the roadbed, preparatory
to being placed on the bed and reeciving the rails.
He was injured while thus unloading ties from his
wagon. He brought this action for damages, charg-
ing that he was hurt by reason of the negligence of
one of his fellow servants and recovered judgment
in the circuit court.
   A railway company by provision of our statute
(Sec. 5434, R. S. 1909) is made liable to a servant, in
certain instances, for the negligence of a fellow ser-
·vant. That statute reads, "Every railroad corpora-

tion owning or operating a railroad in this State shall be liable for all damages sustained by any agent or servant thereof while engaged in the work of operating such railroad by reason of the negligence of any other agent or servant thereof: *Provided*, that it may be shown in defense that the person injured was guilty of negligence contributing as a proximate cause to produce the injury." It will be noticed that the servant must have been "engaged in the work of *operating*" the railroad when he was injured. Now defendant insists that plaintiff in unloading ties onto the roadbed upon which rails were to be laid was not operating a railroad. It was the fact that operating a railroad was considered extra hazardous work that induced the Legislature to enact the foregoing statute and the courts to uphold it when attacked on constitutional grounds. With this in mind, and also that, ordinarily, when we speak of operating a railroad being dangerous, we refer to those actually running the engine, or the engine and cars. Hence the railways have sought to restrict the statute within limits narrower than the courts have thought was the Legislative meaning. The early cases in this State, one in the Supreme Court and one in this court, are: Callahan v. Mer. Bridge Term Ry. Co., 170 Mo. 473, 482-496; Stubbs v. Railroad, 85 Mo. App. 192. In those cases it was held that the statute included not only those employed in actually moving a train but also those whose work is directly essential to enable the trains to move. Those cases have been approved in a variety of conditions and cases to the present time. Rice v. Ry. Co., 92 Mo. App. 35; Overton v. Ry. Co., 111 Mo. App. 613; Orendorf v. Ry. Co., 116 Mo. App. 348; Huston v. Ry. Co., 129 Mo App. 576; Turner v. Ry. Co., 132 Mo. App. 38; Pratt v. Ry. Co., 139 Mo. App. 502; Prash v. Ry. Co., 151 Mo. App. 410. In view of these authorities we hold that plaintiff, in the sense of the statute, was engaged in the

work of operating a railroad while performing the service above stated.

We agree with defendant that the petition should state facts which bring the action within the terms of the statute (Salmon v. Ry. Co., 181 Mo. App. 414) but we deny that it has failed to do so. There was a demurrer to the petition which the court overruled and defendant then answered and thereby waived the demurrer if a cause of action, however defectivly, was stated. It is alleged that defendant was engaged in constructing an extension of its railway and that plaintiff was in defendant's employ hauling and unloading ties along such extension and that one Farmer, a fellow employee, was assisting to unload the ties, when by his negligence he caused a tie to fall upon and mash plaintiff's foot. We think the petition ample after verdict. There is an objection taken to the mere form of expression in alleging Farmer to be a fellow servant which we think is not substantial.

The objections to instruction number 1 are not well taken. Nothing is assumed, but certain conditions are submitted which if believed to exist entitled plaintiff to a verdict under the law. We do not think there was a failure to require a finding that Farmer was a fellow servant. If the matters submitted existed, they constituted these employees fellow servants: Foster v. Ry. Co., 115 Mo. App. 165; Prash v. Ry. Co., 151 Mo. App. 410.

Instruction number 2 should be read in connection with number 1; so read, it could not have misled the jury, especially when instructions for defendant are considered. Objections to instruction number 3 including loss of time as a measure of damage are not well taken: Holman v. Iron Co., 152 Mo. App. 672, 685. The other objections are hypercritical. We see no room in the case for application of the rule as to assumption of risk claimed by defendant.

The court was asked to declare Farmer was not a fellow servant with plaintiff. The evidence on the whole record did not justify such instruction. The idea defendant has advanced in support of the offer of such declaration is that plaintiff was serving some third party and that the latter was defendant's servant. Under the evidence the court could not have given such declaration without usurping the functions of the jury. ,

After an examination of the entire record we find ourselves without right to disturb the verdict and the judgment is accordingly affirmed. All concur.